J-S38044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER HANSON | : | |
| | : | |
| | : | No. 43 EDA 2019 |

Appeal from the PCRA Order Entered December 5, 2018
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0000421-1984,
CP-39-CR-0001582-1983

BEFORE:   OTT, J., DUBOW, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                **FILED SEPTEMBER 09, 2019**

Appellant, Christopher Hanson, appeals *pro se* from the order entered December 5, 2018, dismissing his fourteenth petition filed under the Post Conviction Relief Act (PCRA).[1]  Pursuant to our Supreme Court's decision in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), we must quash this appeal.

This Court previously summarized the underlying factual and procedural history of this action in **Commonwealth v. Hanson**, No. 2136 EDA 2018, unpublished judgment order at 1-2 (Pa. Super. filed April 22, 2019), and **Commonwealth v. Hanson**, No. 2919 EDA 2016, unpublished memorandum at 1-2 (Pa. Super. filed June 27, 2017), and we only restate the history here

_____

[1] 42 Pa.C.S. §§ 9541–9546.


*   Retired Senior Judge assigned to the Superior Court.

that is relevant to the current appeal. On June 14, 1984, Appellant was convicted of murder of the second degree, rape, and conspiracy[2] following a jury trial. Appellant was sentenced on January 30, 1986 to life imprisonment without the possibility of parole. Appellant appealed from the verdict, this Court affirmed his judgment of sentence, and our Supreme Court denied allowance of appeal. *Commonwealth v. Hanson*, 534 A.2d 130 (Pa. Super. 1987) (table), *aff'd*, 544 A.2d 1341 (Pa. 1988) (table). Between 1988 and 2018, Appellant filed thirteen PCRA petitions, each of which was denied or dismissed.

On November 13, 2018, prior to this Court's resolution of his appeal of his thirteenth PCRA petition, Appellant filed a *pro se* "Motion for DNA Testing." On December 5, 2018, the PCRA court entered an order, listing two docket numbers, which stated that the court was treating the motion as a PCRA petition and dismissing it because Appellant's appeal of the order dismissing his previous PCRA petition remained pending on appeal.[3] On December 27, 2018, Appellant filed a single, timely *pro se* notice of appeal of the PCRA court's order along with a statement of errors complained of on appeal pursuant to Rule of Appellate Procedure 1925(b).

---

[2] 18 Pa.C.S. §§ 2502(b), 3121, and 903, respectively.

[3] *See Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000); *Commonwealth v. Montgomery*, 181 A.3d 359, 364-65 (Pa. Super. 2018) (*en banc*).

Before we reach the merits of the instant appeal, we must address the issue of whether this appeal must be quashed pursuant to Rule of Appellate Procedure 341(a) and *Walker* because Appellant filed a single notice of appeal bearing two separate docket numbers. On February 25, 2019, this Court issued a rule directing Appellant to show cause why his appeal should not be quashed in light of our Supreme Court's ruling in *Walker*. Appellant filed a response, and, on March 13, 2019, this Court entered an order discharging the rule, but stating that the merits panel may revisit the issue of whether Appellant's notice of appeal violated *Walker*.

Rule 341(a) provides in relevant part in that "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). In 2013, the Official Note of Rule 341 was amended to provide the following clarification regarding compliance with Rule 341(a):

> Where . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed. *Commonwealth v. C.M.K.*, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

In *Walker*, the Commonwealth filed a single notice of appeal from an order that disposed of four motions to suppress filed by four separate defendants at four docket numbers. 185 A.3d at 971. The Court noted that the Pennsylvania appellate courts had historically declined to quash a single notice of appeal filed to challenge multiple appealable orders, but concluded

that the 2013 amendment to the Official Note of 341 establishes "a bright-line mandatory instruction to petitioners to file separate notices of appeal." *Id.* at 974-77. Thus, the Court held that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed." *Id.* at 977. The Court stated that the failure to comply with this rule requires the quashal of an appeal. *Id.* at 977.

Following *Walker*, this Court has quashed appeals in cases where the appellant filed a single notice of appeal from an order that resolved issues on more than one docket. *See C.T.E. v. D.S.E.*, ____ A.3d ____, 2019 PA Super 228, *6 (filed July 26, 2019); *Commonwealth v. Nichols*, 208 A.3d 1087, 1090 (Pa. Super. 2019); *Commonwealth v. Williams*, 206 A.3d 573, 576 (Pa. Super. 2019). Furthermore, in *Commonwealth v. Creese*, ____ A.3d ____, 2019 PA Super 241 (filed August 14, 2019), this Court held that *Walker* mandates the quashal of any notice of appeal that lists multiple docket numbers, even where separate copies of the notice of appeal are filed for each docket. *Id.* at *5.

In the present case, the December 5, 2018 PCRA court order identified two separate docket numbers associated with Appellant's June 1984 conviction. Appellant filed a single notice of appeal on December 27, 2018,

which listed both docket numbers in the caption.[4]  In accordance with **Walker**, we are therefore bound to quash Appellant's appeal.[5]

Appeal quashed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/19

---

[4] The Supreme Court in **Walker** stated that the rule announced in that case would only apply prospectively.  185 A.3d at 977.  As Appellant's notice of appeal was filed after the date that the **Walker** decision was issued, the rule announced in that case is applicable here.

[5] Appellant asserted in his response to the rule to show cause that the notice of appeal should not be quashed because the "instant matter involves a single Defendant appearing in Court for a single case under two different docket numbers."  Response to Rule to Show Cause, 3/7/19, at 1.  However, as this Court has noted, **Walker** created a bright-line rule requiring quashal of a notice of appeal challenging issues on two or more dockets regardless of whether those cases were consolidated or treated as a single case below.  **C.T.E.**, 2019 PA Super 228, *6 n.5.