J-S41035-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
SHAWN LAMONT STRAWN, JR., :
:
Appellant : No. 1998 MDA 2018

Appeal from the PCRA Order Entered November 20, 2018
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000168-2015
CP-22-CR-0004775-2016

BEFORE:     LAZARUS, J., MURRAY, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED SEPTEMBER 13, 2019**

Shawn Lamont Straw, Jr. (Appellant) *pro se* appeals from the November 20, 2018 order dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Upon review, we quash this appeal.

In light of our disposition, a complete recitation of the factual and procedural history is unnecessary. Pertinent to this appeal, as part of a negotiated guilty plea, on June 19, 2017, Appellant pleaded guilty at docket number CP-22-CR-0000168-2015 to one count each of simple assault, terroristic threats, and harassment, and at docket number CP-22-CR-0004775-2016 to one count each of aggravated assault, retaliation against a victim, and reckless endangerment. That same day, Appellant was

*Retired Senior Judge assigned to the Superior Court.

sentenced to an aggregate term of two to four years' incarceration. No direct appeal was filed.

On March 19, 2018, Appellant *pro se* filed a PCRA petition at both docket numbers. Counsel was appointed and later filed a "no-merit" letter and petition to withdraw as counsel pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Appellant *pro se* filed a response. On October 17, 2018, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907 (907 notice) and simultaneously granted counsel's petition to withdraw. Appellant objected. On November 20, 2018, the PCRA court dismissed Appellant's petition. On December 3, 2018, Appellant *pro se* timely filed a notice of appeal.[1] In its caption, Appellant listed both docket numbers.

In this Court, we issued a rule to show cause why the appeal should not be quashed in light of our Supreme Court's holding in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (holding that failure to file separate notices of appeal from a single order resolving issues on more than one lower court docket will result in quashal of the appeal). *Per Curiam* Order, 3/11/2019. On March 21, 2019, Appellant responded, averring, *inter alia*,

---

[1] Appellant complied with Pa.R.A.P. 1925(b). In lieu of a Pa.R.A.P. 1925(a) opinion, the trial court referred this Court to its 907 notice, which addresses Appellant's issues raised on appeal. Order, 10/17/2018.

that as a *pro se* litigant, he was unaware of the **Walker** decision and requested that based on his *pro se* status, this Court construe liberally his notice of appeal. Appellant's Response to Rule to Show Cause, 3/21/2019, at 3-5.[2]

On April 1, 2019 this Court discharged the rule, advising Appellant that this Court would "take no action at this time" and would instead "refer this issue to the merits panel[.]" Order, 4/1/2019. Thus, before we reach the issues presented by Appellant on appeal, we must address first the fact that Appellant filed a single notice of appeal raising issues that relate to two docket numbers.

In **Walker**, our Supreme Court considered whether to quash an appeal where one notice of appeal was filed for orders entered at more than one docket number, pursuant to Pennsylvania Rule of Appellate Procedure 341(a). At the time, the Official Note of Rule 341(a) provided that "[w]here … one or more orders resolves [*sic*] issues arising on more than one docket … separate notices of appeal must be filed."[3] In **Walker**, our Supreme

---

[2] Additionally, Appellant argued that he followed *verbatim* the PCRA court's directive advising him that he had thirty days to appeal the order. **See id.** at 4 ("The [PCRA] court entered only <u>one [] order</u> of court bearing modified, consolidated trial-court docket numbers of two [] separate cases. As a result, [Appellant] only filed one [] notice of appeal in like manner.") (emphasis in original; unnecessary capitalization omitted).

[3] The Official Note now reads:

*(Footnote Continued Next Page)*

- 3 -

Court found that the "Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal." *Id.* at 976-77. Thus, it held that for appeals filed after June 1, 2018, the date *Walker* was filed, "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed." *Id.* at 977. The Court emphasized that the "failure to do so will result in quashal of the appeal." *Id.* Since then, this Court has applied *Walker*'s bright-line rule prospectively and has quashed appeals accordingly, including those notices of appeal filed by *pro se* litigants. *See Commonwealth v. Williams*, 206 A.3d 573 (Pa. Super. 2019) (quashing *pro se* prisoner's notice of appeal, filed June 4 or 5, 2018, from an order resolving issues related to four different docket numbers).[4]

*(Footnote Continued)* ────────────

> Where ... one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. *Commonwealth v. C.M.K.*, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

[4] This author disagrees with a strict application of *Walker* to incarcerated *pro se* appellants because it is not congruent with our Supreme Court's decision in *Commonwealth v. Burton*, 158 A.3d 618 (Pa. 2017) (holding that the presumption that information in the public domain is known to PCRA petitioners cannot apply to incarcerated petitioners). However, pursuant to *Williams, supra*, this author recognizes that he is constrained to apply *Walker* strictly to *pro se* incarcerated appellants. *See Commonwealth v.*
*(Footnote Continued Next Page)*

In this case, on December 3, 2018, Appellant *pro se* filed a single notice of appeal from an order dismissing Appellant's *pro se* PCRA petition filed at two docket numbers. Because Appellant filed his notice of appeal after our Supreme Court's decision in **Walker**, we must quash this appeal. **See Williams**, **supra**. **See also Commonwealth v. Nichols**, 208 A.3d 1087 (Pa. Super. 2019) (quashing a single notice of appeal from an order denying a PCRA petition pertaining to multiple docket numbers).

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2019

_(Footnote Continued)_ ────────────

**Beck**, 78 A.3d 656, 659 (Pa. Super. 2013) ("This panel is not empowered to overrule another panel of the Superior Court.").