J-S44009-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTONIO STEVE CLARK | : | |
| | : | |
| Appellant | : | No. 1473 WDA 2018 |

Appeal from the Judgments of Sentence Entered August 22, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001039-2016,
CP-02-CR-0013622-2015

BEFORE: SHOGAN, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.: FILED OCTOBER 28, 2019

Appellant, Antonio Steve Clark, appeals from the judgments of sentence imposed on August 22, 2018, in the Court of Common Pleas of Allegheny County. In addition, Appellant's counsel has filed a petition to withdraw his representation and a brief pursuant to Anders v. California, 386 U.S. 738, (1967), and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009). Appellant has not filed a reply. Pursuant to our Supreme Court's decision in Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018), we quash this appeal and deny counsel's petition to withdraw as moot.

The trial court summarized the factual and procedural history of this case as follows:

> [Appellant] appeals from the judgment of sentence order imposed after pleading guilty at CC201513622 to one (1) count of Possession with Intent to Deliver (hereinafter PWID), 35 P.S.

§780-113(a)(30); one (1) count of Possession of a Controlled Substance, 35 P.S. §780-113(a)(16); one (1) count of Criminal Conspiracy, 18 Pa.C.S. §903(a)(1) and; one (1) count of Criminal Use of Communication Facility, 18 Pa.C.S. §7512. At CC201601039, Appellant plead guilty to one (1) count of Person not to Possess a Firearm, 18 Pa.C.S. §6105(a)(1) and one (1) count of Firearms not to be Carried without a License, 18 Pa.C.S. §6106(a)(1)[.]

On May 21, 2018[,] Appellant plead guilty to the above referenced charges after stipulating to the factual basis of the Affidavits of Probable Cause with amendments from the Commonwealth to reflect relevant crime lab results. Sentence was deferred for a presentence report. On August 22, 2018[,] Appellant was sentenced to four (4) to eight (8) years of incarceration with a consecutive two (2) year period of probation at Count One (1) of CC210601039. No further penalty was imposed at Count Two (2). At CC 201513622, Appellant was sentenced to one and a half (1 ½) to three (3) years of incarceration with a consecutive three (3) year term of probation. No further penalty was imposed at the remaining counts. The sentences at each case were ordered to run consecutively to each other.

Appellant filed timely Post Sentence Motions on August 29, 2018[,[1]] requesting a reduced sentence which were denied on September 13, 2018. A Notice of Appeal was filed on October 12, 2018,[2] and pursuant to an Order, Appellant filed a Concise Statement of Matters Complained of on Appeal on November 9, 2018. This Opinion follows.

Trial Court Opinion, 12/7/18, at 1-2.

_____

[1] The certified records reflect that a post sentence motion was filed at lower court docket number CR-0013622-2015, and it included docket numbers CR-0013622-2015 and CR-0001039-2016. No post sentence motion is included in the certified record for docket number CR-0001039-2016.

[2] The notice of appeal was filed at docket number CR-0013622-2015, and it included docket numbers CR-0013622-2015, and CR-00010139-2016. No notice of appeal is reflected at docket number CR-0001039-2016.

Appellant's counsel filed an Anders brief with this Court on April 22, 2019. Counsel failed, however, to file a corresponding petition to withdraw. Accordingly, this Court issued an order on June 3, 2019, directing Appellant's counsel to file a petition to withdraw and attach to it a copy of the letter to Appellant advising him of his rights. Order, 6/3/19, at 1. Counsel complied on June 13, 2019. Attached to the petition was a letter to Appellant advising him of his rights.

Before we reach the merits of the instant appeal, we are compelled to address the issue of whether this appeal must be quashed pursuant to Rule of Appellate Procedure 341(a) and Walker because Appellant filed a single notice of appeal bearing two separate docket numbers. Rule 341(a) provides in relevant part that "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). In 2013, the note to Rule 341 was amended to provide the following clarification regarding compliance with Rule 341(a):

> Where … one or more orders resolve[] issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed. Commonwealth v. C.M.K., 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, note.

In Walker, the Commonwealth filed a single notice of appeal from an order that disposed of four motions to suppress filed by four separate defendants at four docket numbers. Walker, 185 A.3d at 971. Our Supreme

Court noted that Pennsylvania appellate courts had historically declined to quash a single notice of appeal filed to challenge multiple appealable orders, but concluded that the 2013 amendment to the note to Rule 341 established "a bright-line mandatory instruction to petitioners to file separate notices of appeal." Id. at 974-977. Thus, the Court held that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed." Id. at 977. The Court stated that the failure to comply with this rule requires quashal of the appeal. Id. at 977.

Following Walker, this Court has quashed appeals in cases where the appellant filed a single notice of appeal from an order that resolved issues on more than one docket. See, e.g., C.T.E. v. D.S.E., ___ A.3d ___, 2019 PA Super 228 (Pa. Super. filed July 26, 2019); Commonwealth v. Nichols, 208 A.3d 1087, 1090 (Pa. Super. 2019); Commonwealth v. Williams, 206 A.3d 573, 576 (Pa. Super. 2019). Furthermore, in Commonwealth v. Creese, ___ A.3d ___, 2019 PA Super 241 (Pa. Super. filed August 14, 2019), this Court held that Walker mandates the quashal of any notice of appeal that lists multiple docket numbers, even where separate copies of the notice of appeal are filed for each docket. Id. at *2.

In the present case, Appellant filed a single notice of appeal on October 12, 2018, from the judgments of sentence entered in two different common

pleas court criminal matters.[3]  As noted, the single notice of appeal filed at docket CR-0013622-2015 listed both docket numbers in the caption.  In accordance with Walker, we are therefore bound to quash Appellant's appeal.

Appeal quashed.  Counsel's petition to withdraw denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/28/2019

_____

[3] The Supreme Court in Walker stated that the rule announced therein would apply only prospectively.  Walker, 185 A.3d at 977.  As Appellant's notice of appeal was filed after the date Walker was filed, the rule announced in that case is applicable here.