2019 PA Super 128

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| MARK ALLEN NICHOLS | : | |
| Appellant | : | No. 1762 EDA 2018 |

Appeal from the PCRA Order May 11, 2018
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0002279-2016,
CP-48-CR-0002291-2016, CP-48-CR-0003609-2016

BEFORE:  SHOGAN, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

OPINION BY MURRAY, J.:                              **FILED APRIL 24, 2019**

Mark Allen Nichols (Appellant) appeals from the order denying his first petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, following an evidentiary hearing.  Based upon our Supreme Court's recent decision in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), we quash the appeal.

On January 30, 2017, Appellant, represented by appointed counsel Alexander Karam, Jr., Esq., entered into a negotiated guilty plea on the above three dockets to two charges of possession with intent to deliver, one charge of persons not to possess firearms, one charge of accident involving damage, and one charge of driving while license suspended – DUI related.[1]  That same

---

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A § 6501(a)(1); 75 Pa.C.S.A. §§ 3743(a), 1543(b)(1), respectively.

day, Appellant received a negotiated sentence of 54 to 108 months of incarceration. Appellant was colloquied during the guilty plea and at sentencing regarding the advice of counsel and the voluntariness of his plea. *See* Notes of Testimony, 1/30/17, at 1-12.

Appellant did not file a direct appeal, but on January 5, 2018, timely filed a *pro se* PCRA petition asserting that plea counsel was ineffective. PCRA counsel filed an amended petition on Appellant's behalf on April 3, 2018. Following hearings on April 6, 2018, and April 13, 2018, the PCRA court on May 11, 2018, entered an order denying relief; that order contained all three docket numbers in the caption. Appellant filed this timely appeal; the notice of appeal also contains the three trial court docket numbers.

On July 27, 2018, this Court issued a rule to show cause as to why the appeal should not be quashed pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (holding that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases."). In response, Appellant argued that this appeal should not be quashed because **Walker** was not the law when the underlying order was entered on May 11, 2018; the issues raised at all three dockets are identical; there is no prejudice to the Commonwealth; the Commonwealth has not objected; quashal would "entirely deny" appellate review; Pa.R.A.P. 341(a) does not explicitly instruct the filing of separate appeals; the "evils designed to be eliminated" by Pa.R.A.P. 341(a) are not present in this case; and quashal "would be contrary to decades of case law." Answer to Show Cause Order,

8/6/18, at 5-7.  On October 2, 2108, this Court entered an order referring the

**Walker** issue to this merits panel.

On appeal, Appellant presents two issues:

I. Whether the appeal should be quashed for failure to file separate Notices of Appeal when a single Order resolved all issues arising on more than one trial court docket?

II. Whether the PCRA court erred in denying the requested relief where ineffective assistance of counsel caused [Appellant] to enter an involuntary and unknowing plea?

Appellant's Brief at 4.

In his first issue, Appellant repeats his response to our rule to show cause as to why the appeal should not be quashed.  **See** Appellant's Brief at 8-13 (arguing that the underlying order was entered prior to **Walker** on May 11, 2018; the issues raised at all three dockets are identical; there is no prejudice to the Commonwealth and the Commonwealth has not objected; quashal would "entirely deny" appellate review; Pa.R.A.P. 341(a) does not explicitly instruct the filing of separate appeals; the "evils designed to be eliminated" by Pa.R.A.P. 341(a) are not present in this case; and quashal "would be contrary to decades of case law.").  Upon review, we cannot agree.

It is undisputed that Appellant filed a single notice of appeal with issues that relate to three different lower court docket numbers.  The Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure provides:

Where, however, one or more orders resolves issues arising on more than one docket or relating to more than one judgment, **separate notices of appeals must be filed**. **Commonwealth v. C.M.K.**, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing

appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note (emphasis added).

As Appellant recognizes, courts of this Commonwealth historically allowed appeals to proceed, even if they failed to comply with Pa.R.A.P. 341. *See*, *e.g.*, *In the Interest of P.S.*, 158 A.3d 643, 648 (Pa. Super. 2017) (noting common practice to allow appeals to proceed if the issues involved are nearly identical, no objection has been raised, and the period for appeal has expired).

However, in *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), our Supreme Court held – unequivocally – that "prospectively, where a single order resolves issues arising on more than one docket, **separate notices of appeal must be filed for each case**." *Id*. at 971 (emphasis added). The Supreme Court observed that the Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure "provides a bright-line mandatory instruction to practitioners to file separate notices of appeal," and accordingly, determined that "**the failure to do so requires the appellate court to quash the appeal**." *Walker*, at 976-77 (emphasis added). Because this mandate was contrary to decades of case law, the Supreme Court specified that the requirement would apply only to appeals filed after June 1, 2018, the date *Walker* was filed. *Id.*

Instantly, we must apply *Walker* because Appellant filed his notice of appeal on June 5, 2018. Although the PCRA court addressed the merits of

Appellant's collateral issues in its opinion, under current precedent, our Supreme Court mandates that Appellant was to file a separate notice of appeal for each lower court docket number. Because Appellant did not do so, and consistent with **Walker**, we are constrained to quash the appeal.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/19