J-S22024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                           :              PENNSYLVANIA
                                                           :
                        v.                                :
                                                           :
                                                           :
                                                           :
BRIAN D. GAYAN                           :
                                                           :
                   Appellant                     :      No. 1527 MDA 2018

Appeal from the PCRA Order Entered August 16, 2018
In the Court of Common Pleas of Centre County Criminal Division at
No(s):  CP-14-CR-0000440-2006,
CP-14-CR-0001269-2005

BEFORE:   SHOGAN, J., DUBOW, J., and PELLEGRINI*, J.

MEMORANDUM BY DUBOW, J.:                        **FILED AUGUST 14, 2019**

Appellant, Brian D. Gayan, appeals from the Order entered August 16, 2018, dismissing his second Petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we quash this appeal.

In October 2006, Appellant pleaded guilty to six counts of Indecent Assault and sixty-three counts of Sexual Abuse of Children.[1]  Trial Ct. Op. and Order, filed 8/16/18, at 1.  Following a hearing in April 2007, the trial court determined Appellant to be a sexually violent predator (SVP) and sentenced him to six and one-half to thirteen years of incarceration.  *Id.*  Appellant timely appealed but subsequently withdrew his appeal.  *See Commonwealth v. Gayan*, 977 MDA 2007, Notice of Discontinuance, 11/20/07.

_____

[1] *See* 18 Pa.C.S. §§ 3126(a)(7); 6312(d), respectively.

*   Retired Senior Judge assigned to the Superior Court.

In November 2007, Appellant filed his first Petition for collateral relief, asserting ineffective assistance of counsel. *Commonwealth v. Gayan*, 1989 MDA 2008, unpublished memorandum at 2 (Pa. Super. filed April 6, 2010). The PCRA court denied relief; Appellant appealed; and this Court affirmed. *Id.* at 1. The Pennsylvania Supreme Court denied Appellant's Petition for allowance of appeal. *Commonwealth v. Gayan*, 4 A.3d 157 (Pa. 2010).

In March 2018, Appellant *pro se* filed a second Petition for collateral relief. The PCRA court appointed counsel, who thereafter filed an Amended Petition. Amended Petition, 3/19/18. According to Appellant, he is serving a sentence in excess of the lawful maximum and in violation of the *ex post facto* provisions of the United States Constitution and the Pennsylvania Constitution. *Id.* at 2 ¶ 15.[2] Following briefing and argument, the PCRA court denied Appellant relief.

_____

[2] In light of our disposition, we need not examine Appellant's substantive claims in detail. Appellant notes that his convictions predated the enactment of the Pennsylvania Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41 (effective 12/20/2012) and its recent amendments. *See* H.B. 1952, 202 Gen. Assemb., Reg. Sess. (Pa. 2018), Act 29 of 2018; H.B. 631, 202 Gen. Assemb., Reg. Sess. (Pa. 2018), Act 10 of 2018. Appellant asserts that the sex offender registration requirements imposed upon him are punitive and unlawful. Amended Petition at 2-4 ¶¶ 16-18.

The Pennsylvania Supreme Court determined that SORNA's registration provisions are punitive and that retroactive application of SORNA's registration provisions violates the federal and state *ex post facto* clauses. *Commonwealth v. Muniz*, 164 A.3d 1189, 1193 (Pa. 2017); *but see* *Commonwealth v. Lacombe*, 35 MAP 2018 (Pa. 2018) (granting review, in its original jurisdiction, to determine whether Acts 10 and 29 are

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement. The PCRA court issued a responsive statement, directing our attention to its prior Opinion.

Appellant raises the following issue on appeal:

[1.] Whether the [PCRA] court erred in denying PCRA relief and finding that Act 10 of 2018 is constitutional because Act 10 is plainly and clearly in violation of the Pennsylvania and United States Constitutions in that it imposes punishment [that] exceeds the statutory maximum and requires registration and notification provisions [that] are constitutionally excessive in violation of the Eighth Amendment's proscription against cruel and unusual punishment and the corresponding proscription in Article 1, Section 13 of the Pennsylvania Constitution.

Appellant's Br. at 4. For the following reasons, however, we do not address this claim.

Appellant timely filed a Notice of Appeal that identifies multiple trial court docket numbers. In *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), the Pennsylvania Supreme Court held that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed." *Id.* at 977 (citing the Official Note of Appellate Procedure 341(a)). This is a bright-line, mandatory instruction. *Id.* at 976-77; *Commonwealth v. Nichols*, 208 A.3d 1087 (Pa. Super. 2019) (quashing

_____

constitutional). Claims challenging application of these registration provisions are cognizable under the PCRA, as they implicate the legality of a petitioner's sentence, but they remain subject to PCRA's timeliness requirements. *Commonwealth v. Greco*, 203 A.3d 1120, 1123-24 (Pa. Super. 2019).

appeal from single order denying PCRA relief where appellant filed a notice of appeal containing three trial court docket numbers).

In October 2018, this Court issued a Rule to show cause why the appeal should not be quashed pursuant to **Walker**. Order, 10/5/18. Appellant timely responded, asserting that he had filed a Notice at each docket. Appellant's Response, 10/8/18. Accordingly, the Court referred the **Walker** issue to the merits panel. Order, 10/22/18.

The certified records of Appellant's criminal dockets each contain a Notice of Appeal. However, the Notice appearing in CP-14-CR-0001269-2005 is a photocopy of the original, which itself appears in the certified record of CP-14-CR-0000440-2006. Thus, Appellant did not create separate Notices, each documenting individually and discretely his intent to appeal the disposition of each criminal docket. In our view, this fact alone should not trigger the **Walker** rule. However, compounding Appellant's procedural error, the Centre County Clerk of Courts forwarded a single Notice of Appeal to the Prothonotary of this Court, which in turn issued a Docketing Statement identifying only one of Appellant's two criminal dockets, CP-14-CR-0001269-2005. Appellant then completed and returned this Docketing Statement without correction. Docketing Statement, 10/2/18.

Based on Appellant's filing errors, we conclude that Appellant has not properly appealed from the PCRA court's Order. Consistent with **Walker** and **Nichols**, we are constrained to quash the appeal.[3]

Appeal quashed.

Judge Shogan joins the memorandum.

Judge Pellegrini notes dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/14/2019

---

[3] We note that Appellant may be entitled to collateral relief. **See, e.g.**, **Commonwealth v. Halley**, 870 A.2d 795 (Pa. 2005) (finding *per se* ineffectiveness where counsel failed to file a Pa.R.A.P. 1925(b) statement, thereby waiving all issues); **Commonwealth v. Lantzy**, 736 A.2d 564 (Pa. 1999) (finding *per se* ineffectiveness where counsel failed to file a direct appeal, despite defendant's request).