J-S34010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM H. KEIL, | : | |
| | : | |
| Appellant | : | No. 989 WDA 2018 |

Appeal from the PCRA Order Entered June 27, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0004122-1989,
CP-02-CR-0004503-1989, CP-02-CR-0004505-1989,
CP-02-CR-0004507-1989, CP-02-CR-0004509-1989

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS, J.*

JUDGMENT ORDER BY DUBOW, J.:          **FILED SEPTEMBER 12, 2019**

Appellant, William H. Keil, appeals from the June 27, 2018 Order entered in the Allegheny County Court of Common Pleas dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely.  After careful review, we quash this appeal.

The relevant facts and procedural history are, briefly, as follows.  On August 30, 1989, Appellant entered guilty pleas to numerous sexual offenses at five docket numbers.[1]  On October 31, 1989, the court sentenced Appellant to an aggregate term of 20 to 70 years' incarceration, followed by 45 years of

_____

[1]  In particular, over five dockets, Appellant pleaded guilty to three counts of Involuntary Deviate Sexual Intercourse, 18 Pa.C.S. § 3123(5); eight counts of Indecent Assault, 18 Pa.C.S § 3126(a)(1); four counts of Indecent Exposure, 18 Pa.C.S. § 3127; one count of Simple Assault, 18 Pa.C.S § 2701(a)(3); one count of Unlawful Restraint, 18 Pa.C.S. § 2902; and nine counts of Corruption of Minors, 18 Pa.C.S. § 6301.

_____

*   Retired Senior Judge assigned to the Superior Court.

probation. Appellant's convictions subjected him to lifetime sex offender registration requirement under Megan's Law I and II.

Appellant unsuccessfully sought appellate review of his Judgment of Sentence. **See Commonwealth v. Keil**, No. 1845 Pittsburgh 1989 (Pa. Super. filed April 15, 1991) (unpublished memorandum).[2] Appellant did not file a Petition for Allowance of Appeal to the Pennsylvania Supreme Court.

On September 13, 2017, Appellant *pro se* filed a "Motion to Cease and Desist Retroactive Application of Registration Requirements," which the lower court properly treated as first a PCRA Petition. In his Petition, Appellant alleged that the requirement that he register as a sex offender for his lifetime is illegal pursuant to **Commonwealth v. Muniz**, 169 A.3d 1189 (Pa. 2017). The PCRA court appointed counsel who, on April 4, 2018, filed an Amended PCRA Petition, reiterating and developing his illegal sentence claim.

On May 8, 2018, the Commonwealth filed an Answer to Appellant's Amended Petition.[3] On June 27, 2018, the PCRA court dismissed Appellant's Amended Petition without a hearing.[4]

---

[2] Appellant did not file a Petition for Allowance of Appeal to the Pennsylvania Supreme Court. Appellant's Judgment of Sentence, thus, became final on May 15, 1991. **See** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903.

[3] Because Appellant has challenged the constitutionality of a statute, the Pennsylvania Office of the Attorney General filed a Motion to Intervene on June 21, 2018.

[4] Generally, the PCRA court must provide notice of its intent to dismiss a PCRA Petition and provide the petitioner with twenty days in which to respond.

This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

1. Whether the trial court erred in ruling that it lacked jurisdiction to adjudicate the merits of the Amended PCRA Petition and/or Petition for Writ of *Habeas Corpus*?

2. Whether the trial court erred by not ruling that Act 10 of 2018 is unconstitutional under the federal and state *ex post facto* and double jeopardy clauses?

Appellant's Brief at 5. For the following reasons, however, we do not address these claims.

Appellant timely filed identical Notices of Appeal at each of his five trial court docket numbers, each of which identified all five trial court docket numbers.[5] In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), the Pennsylvania Supreme Court held that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed." **Walker**, 185 A.3d at 977 (citing the Official Note of Appellate Procedure 341(a)). This is a bright-line, mandatory instruction. **Id.** at 976-77; **Commonwealth v. Nichols**, 208 A.3d 1087, 1090 (Pa. Super 2019) (quashing appeal from single order denying PCRA relief where appellant filed

---

Pa.R.Crim.P. 907(1). However, Appellant did not object to the PCRA court's failure to provide notice of intent to dismiss pursuant to Rule 907, rendering any argument on this issue waived. **Commonwealth v. Boyd**, 923 A.2d 513, 514 n.1 (Pa. Super. 2007).

[5] The Allegheny Count clerk forwarded a single Notice of Appeal to the Prothonotary of this Court.

a notice of appeal containing three trial court docket numbers); *C.T.E. v. D.S.E.*, ___ A.3d ___, 2019 WL 3369078 (Pa. Super. filed July 26, 2019) (reiterating the "bright-line" rule requiring practitioners to file separate notices of appeal).

Based on Appellant's filing errors, we conclude that Appellant has not properly appealed from the trial court's Order. Consistent with *Walker* and *Nichols*, we are constrained to quash the appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2019