J-S22016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES ALLEN DAVIS | : | |
| | : | |
| Appellant | : | No. 1319 MDA 2018 |

Appeal from the Judgment of Sentence Entered July 18, 2018
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0001537-2015,
CP-35-CR-0001543-2015, CP-35-CR-0002227-2015

BEFORE:   SHOGAN, J., DUBOW, J., and PELLEGRINI, J.*

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 25, 2019**

Appellant, James Allen Davis, appeals from the July 18, 2018 Judgment

of Sentence entered in the Lackawanna County Court of Common Pleas

("CCP").  On appeal, Appellant challenges the trial court's Order denying his

presentence Motion to Withdraw Guilty Plea.  Due to a possible breakdown in

the operations of the Lackawanna CCP clerk's office that could lead to quashal

of this appeal, we remand to the trial court for a hearing.

The relevant facts and procedural history are, briefly, as follows.  On

November 5, 2015, Appellant entered three guilty pleas: at Docket No. 1537-

2015 to one count of DUI—Controlled Substance,[1] second offense; at Docket

_____

[1] 75 Pa.C.S. § 3802(d)(2).

_____

* Retired Senior Judge assigned to the Superior Court.

No. 1543-2015, one count of DUI—Controlled Substance, third offense; [2] and, at Docket No. 2227-2015, one count each of DUI—Controlled Substance, fourth offense, and Retail Theft.[3, 4]   On February 3, 2016, the trial court sentenced Appellant on all three dockets to an aggregate term of 45 days' to five years' incarceration for his DUI and Retail Theft Convictions.[5]   Appellant did not file timely direct appeals from his Judgments of Sentence.

Appellant sought PCRA relief, which resulted in, *inter alia*, the PCRA court, on April 27, 2018 vacating Appellant's Judgments of Sentence for his DUI convictions.  The court ordered Appellant to arrange for the completion of a drug and alcohol assessment, and indicated that it would schedule a resentencing hearing within 30 days of its Order.

On July 11, 2018, Appellant filed a presentence Motion to Withdraw Guilty Plea.  One week later, on July 18, 2018, the court denied Appellant's

---

[2] 75 Pa.C.S. § 3802(d)(1).

[3] 75 P.S. § 3802(d)(2) and 18 Pa.C.S. § 3929(a)(1), respectively.

[4] On November 20, 2015, at Docket Number 1890-2014, he entered a guilty plea to one count of Conspiracy to Commit Theft, 18 Pa.C.S. § 903, arising from an unrelated crime.

[5] Specifically, the court sentenced Appellant at Docket Number 1537-2015 to a term of one to five years' incarceration, at Docket Number 1543-2015 to a concurrent term of 90 days to five years' incarceration, and at Docket Number 2227-2015 to a concurrent term of one to five years' incarceration for his DUI conviction and a concurrent term of 45 to 90 days' incarceration for his Retail Theft conviction, followed by one year of special probation for his unrelated Conspiracy conviction.

Motion and conducted Appellant's resentencing hearing, after which it resentenced Appellant to an aggregate term of one to five years' incarceration.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

[] Did the lower court abuse its discretion in denying [Appellant's] pre-sentence [M]otion to [W]ithdraw his guilty plea?

Appellant's Brief at 2. For the following reasons, however, we do not address this claim.

Appellant timely filed a Notice of Appeal that identifies three trial court docket numbers. In *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), the Pennsylvania Supreme Court held that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed." *Walker*, 185 A.3d at 977 (citing the Official Note of Appellate Procedure 341(a)). This is a bright-line, mandatory instruction. *Id.* at 976-77; *Commonwealth v. Nichols*, 208 A.3d 1087, 1090 (Pa. Super 2019) (quashing appeal from single order denying PCRA relief where appellant filed a notice of appeal containing three trial court docket numbers); *C.T.E. v. D.S.E.*, 2019 WL 3369078 (Pa. Super. filed July 26, 2019) (reiterating the "bright-line" rule requiring practitioners to file separate notices of appeal).

The case caption on Appellant's Notice of Appeal includes Docket Number 1537-2015 typewritten and Docket Numbers 2543-2015 and 2227-2015 handwritten below. The Lackawanna County Clerk forwarded a single

Notice of Appeal to the Prothonotary of this Court,[6] which in turn issued a Docketing Statement identifying only one of Appellant's three criminal dockets, 1537-2005. Appellant then completed and returned this Docketing Statement without correction. Docketing Statement, 8/14/18.

In August 2018, this Court issued a Rule to show cause why the appeal should not be quashed pursuant to **Walker**. Order, 8/17/18. Appellant timely responded, alleging that he had attempted to file a Notice of Appeal at each docket, but was advised by the clerk of the Lackawanna CCP that only one Notice of Appeal with all three docket numbers was required. Appellant's Response, 8/23/18. We subsequently discharged the Rule to show case, and referred the **Walker** issue to the merits panel. Order, 8/28/18.

Appellant's representations to this Court in response to our Rule to show cause indicate that the filing clerk may have given Appellant's counsel incorrect advice about the filing of the Notices of Appeal. If so, there may have been an administrative breakdown, and Appellant would be entitled to *nunc pro tunc* relief. Accordingly, we remand for the trial court to hold a hearing within 30 days to determine if such a breakdown occurred. If the court concludes that a breakdown occurred, it should reinstate Appellant's direct appeal rights *nunc pro tunc* at Docket Numbers 2543-2015 and 2227-2015, and direct Appellant to amend his Notice of Appeal filed at Docket

---

[6] Although each of the three CCP dockets contains an entry reflecting that Appellant filed a Notice of Appeal on August 8, 2018, none of the certified records actually contain a copy of the Notice of Appeal.

Number 1537-2005 within 30 days of the trial court's order.  If the trial court finds no breakdown in the operations of the court occurred, we will quash this Appeal on the basis of **Walker**, **supra**.

Case remanded.  Jurisdiction retained.