J-A23008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAFAEL GARY | : | |
| | : | |
| Appellant | : | No. 1319 WDA 2018 |

Appeal from the Judgment of Sentence Entered, August 1, 2018,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s):  CP-02-CR-0003768-1996,
CP-02-CR-0016250-1995.

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED OCTOBER 16, 2019**

Rafael Gary appeals from the judgment of sentence imposed after he was resentenced for first-degree murder and related charges pursuant to ***Commonwealth v. Batts***, 163 A.3d 410 (Pa. 2017).  We quash the appeal.

The pertinent facts and procedural history are as follows:  On August 22, 1995, Gary and another man shot two women at their apartment after a dispute arose over a missing gun.  One woman died; although the other survived, doctors had to amputate her arm.  As a result of this incident, the Commonwealth charged Gary at two separate dockets.  At CP-02-CR-0016250-1995, the Commonwealth charged Gary with one count of criminal

homicide.[1]  At CP-02-CR-0003768-1996, the Commonwealth charged Gary with one count each of aggravated assault, prohibited offensive weapon, criminal attempt homicide, and criminal conspiracy.[2]  At both docket numbers the trial court, on October 7, 1996, sentenced Gary to an aggregate term of life imprisonment and a consecutive ten to twenty years in prison.

Gary filed a timely appeal to this Court.  We affirmed his judgment of sentence on February 10, 1998, and our Supreme Court denied his petition for allowance of appeal on June 29, 1998.  Thereafter, Gary filed a series of unsuccessful petitions for post-conviction relief.  On February 2, 2016, Gary filed a *pro se* fifth PCRA petition, and PCRA counsel filed an amended PCRA petition.  The Commonwealth filed an answer in which it acknowledged that Gary was entitled to resentencing, pursuant to **Batts**, **supra**, because he was seventeen years old at the time of the murder.

On August 1, 2018, the trial court resentenced Gary to thirty-five years to life in prison for his first-degree murder conviction and to a consecutive ten to twenty years  for his aggravated assault conviction.  The trial court denied Gary's timely filed post-sentence motion.  This appeal followed.  Both Gary and the trial court have complied with Pa.R.A.P. 1925.

---

[1] 18 Pa.C.S.A. § 2501.

[2] 18 Pa.C.S.A. §§ 2702, 908, 901, and 903, respectively.

Before addressing the merits of the issues Gary raises on appeal, we must first address the fact that Gary filed a single notice of appeal on which he identifies two separate docket numbers. In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), our Supreme Court considered whether to quash an appeal when one notice of appeal was filed for orders entered at more than one docket number. The Official Note accompanying Pa.R.A.P. 341(a) provides that "[w]here . . . one or more orders resolves issues arising on more than one docket . . . separate notices of appeal must be filed." In **Walker**, our Supreme Court concluded that the "Official Note to Rule 341 provides a bright-line mandatory instruction for practitioners to file separate notices of appeal." **Walker**, 185 A.3d at 976-77. Thus, the Court held that for appeals filed after June 1, 2018, the date the **Walker** decision was filed, "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed." **Id.** at 977. Our Supreme Court emphasized that the "failure to do so will result in quashal of the appeal." **Id.**

Here, on September 14, 2018, Gary filed a single notice of appeal from the judgment of sentence imposed at two separate docket numbers. This Court issued a rule to show cause why the appeal should not be quashed pursuant to **Walker**, **supra**, and counsel filed a response. Because Gary filed his notice of appeal after our Supreme Court's decision in **Walker**, we are constrained to quash this appeal. **See Commonwealth v. Nichols**, 208 A.3d 1087, 1090 (Pa. Super. 2019) (quashing a counseled PCRA petitioner's single

appeal that listed three docket numbers and was filed after the **Walker** decision).

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/2019