J-S58026-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN PATRICK BEHAN | : | |
| | : | |
| Appellant | : | No. 482 WDA 2019 |

Appeal from the PCRA Order Entered February 26, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001770-1998,
CP-02-CR-0001771-1998

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and DUBOW, J.

MEMORANDUM BY BENDER, P.J.E.:                     FILED JANUARY 13, 2020

Appellant, John Patrick Behan, appeals from the post-conviction court's February 26, 2019 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA, 42 Pa.C.S. §§ 9541-9546.  After careful review, we quash this appeal.

We need not delve into the facts of this case, nor provide a detailed procedural history.  We only note that in 1998, Appellant pled guilty to several sexual offenses committed in two consolidated cases.  He was sentenced to a term of two to four years' incarceration.  Appellant did not file a direct appeal.

On December 14, 2016, Appellant filed, at both underlying docket numbers, a counseled "Motion for Injunctive Relief."  Therein, he challenged the constitutionality of the registration requirements to which he was subject under the Sexual Offender Registration and Notification Act (SORNA), 42

Pa.C.S. §§ 9799.10-9799.41. The court treated Appellant's motion as a PCRA petition, and it issued a Pa.R.Crim.P. 907 notice of its intent to dismiss his petition as being untimely filed. Appellant responded to the Rule 907 notice, but on February 26, 2019, the court entered an order dismissing his petition. Notably, that order contained both docket numbers of Appellant's underlying cases.

On March 27, 2019, Appellant filed a timely notice of appeal, which also listed the two docket numbers. On April 30, 2019, this Court ordered Appellant to show cause why his appeal should not be quashed under Commonwealth v. Walker, 185 A.3d 969, 977 (Pa. 2018) (holding that, pursuant to Pa.R.A.P. 341, an appellant's failure to file separate notices of appeal "when a single order resolves issues arising on more than one lower court docket" requires quashal of the appeal). Appellant responded, contending that we should not quash because neither Rule 341 nor Walker "states that a single defendant's cases that are consolidated must be severed for appeal." Response, 5/9/19, at 2 ¶ 6 (unnumbered). This Court thereafter discharged the rule to show cause order, but informed Appellant that this panel could re-raise the Walker issue.

In Appellant's brief, he states two issues for our review:

1. Since [Appellant's] petition for relief was a request to have his plea agreement enforced, the trial court erred by reclassifying the request for relief as a PCRA petition.

2. Since the trial court erred by reclassifying [Appellant's] request for relief, it also erred by dismissing his [petition] as untimely filed.

Appellant's Brief at 10.

Before we may address these claims, we must determine whether we are compelled to quash under Walker. In that case,

> our Supreme Court held – unequivocally – that "prospectively, where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." [Walker, 185 A.3d] at 971 (emphasis added). The Supreme Court observed that the Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure "provides a bright-line mandatory instruction to practitioners to file separate notices of appeal," and accordingly, determined that "the failure to do so requires the appellate court to quash the appeal." [Id.] at 976-77 (emphasis added). Because this mandate was contrary to decades of case law, the Supreme Court specified that the requirement would apply only to appeals filed after June 1, 2018, the date Walker was filed. Id.

Commonwealth v. Nichols, 208 A.3d 1087, 1089–90 (Pa. Super. 2019).

In Nichols, this Court quashed because the appellant included multiple docket numbers on a single notice of appeal. Id. at 1090. We concluded that quashal was required, even though the appellant was appealing from a PCRA court order that also listed multiple docket numbers. Id. at 1089-90. Here, Appellant listed two docket numbers on a single notice of appeal; therefore, although the PCRA court's order dismissing his petition also listed two docket numbers, we are required to quash under Walker, Nichols, and Rule 341.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/13/2020