J-S07038-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| HERACLIO BERNAL CRUZ, | : | |
| | : | |
| Appellant | : | No. 3190 EDA 2018 |

Appeal from the PCRA Order Entered September 21, 2018
in the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0002602-2012
CP-15-CR-0003187-2011

BEFORE:  NICHOLS, J., KING, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:　　　　　**FILED MARCH 03, 2020**

Heraclio Bernal Cruz (Appellant) appeals from the September 21, 2018 order dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we quash this appeal.

In light of our disposition, a detailed recitation of the underlying facts is unnecessary.  Pertinent to this appeal, on March 26, 2013, Appellant entered into an open guilty plea, whereby he pleaded guilty to 37 counts of possession of a controlled substance (cocaine) with intent to deliver (PWID), one count of criminal conspiracy,[1] and one count of corrupt organizations.[2] On May 14, 2014, he was sentenced to an aggregate term of 23 to 50 years

---

[1] These 38 counts were charged at docket number 3187-2011.

[2] This count was charged at docket number 2602-2012.

---

* Retired Senior Judge assigned to the Superior Court.

of incarceration, which included several consecutive mandatory-minimum sentences for the charges at docket number 3187-2011.[3]  On appeal from that aggregate sentence, this Court vacated Appellant's judgment of sentence as being illegal pursuant to *Alleyne v. United States*, 570 U.S. 99 (2013), and its progeny. *Commonwealth v. Cruz*, 144 A.3d 210 (Pa. Super. 2016) (unpublished memorandum).

On March 31, 2017, Appellant was resentenced to an aggregate term of 18 to 36 years of incarceration. That sentence included terms of incarceration at both docket numbers.  No post-sentence motions or direct appeal were filed.

On January 8, 2018, Appellant filed a motion to modify sentence listing both docket numbers.  On January 29, 2018, the court entered an order treating Appellant's motion as a timely-filed PCRA petition and appointed Attorney Laurence Harmelin to represent Appellant.  Attorney Harmelin filed an amended petition requesting the PCRA court grant Appellant leave to file a post-sentence motion and direct appeal *nunc pro tunc*.  A hearing was held,[4] and on September 21, 2018, the PCRA court entered an order denying Appellant's petition.  The order was filed at both docket numbers.

---

[3] The sentence for criminal conspiracy at docket number 2602-2012 was two to four years of incarceration to be served concurrently with his other sentences.

[4] This transcript is not included in the certified record; however, that does not affect our disposition.

On October 16, 2018, Attorney Harmelin timely filed a single notice of appeal, which listed both docket numbers. Subsequently, Attorney Steve Jarmon was appointed to represent Appellant.[5]

On appeal to this Court, Appellant contends the PCRA court erred in concluding trial counsel was not ineffective for failing to file a post-sentence motion. **See** Appellant's Brief at 4. Prior to reaching the merits of this appeal, we must consider whether it should be quashed in light of our Supreme Court's holding in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).[6]

In **Walker**, our Supreme Court considered whether to quash an appeal where one notice of appeal was filed for orders entered at more than one docket number. The Official Note to Pennsylvania Rule of Appellate Procedure 341(a) provides that "[w]here … one or more orders resolves [*sic*] issues arising on more than one docket … separate notices of appeal must be filed." Pa.R.A.P. 341, Note. In **Walker**, our Supreme Court found that the "Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal." **Id.** at 976-77. Thus, it held

_____

[5] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925.

[6] On January 3, 2019, this Court issued a rule to show cause on Appellant as to why this appeal should not be quashed pursuant to **Walker**. On January 11, 2019, Attorney Jarmon responded that he "can only assume [Attorney Harmelin] was not aware of [**Walker**] prior to filing the appeal in this case." Response to Rule to Show Cause, 1/11/2019, at ¶ 4. The rule was discharged and the issue was deferred to this panel for consideration.

that for appeals filed after June 1, 2018, the date ***Walker*** was filed, "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed." ***Id.*** at 977. The Court emphasized that the "failure to do so will result in quashal of the appeal." ***Id.***

In this case, on October 16, 2018, Appellant filed a single notice of appeal from an order dismissing Appellant's PCRA petition filed at two docket numbers. Because Appellant filed his notice of appeal after our Supreme Court's decision in ***Walker***, and failed to comply with Rule 341, we must quash this appeal. ***See Commonwealth v. Nichols***, 208 A.3d 1087 (Pa. Super. 2019) (quashing appeal from order denying timely-filed PCRA petition listing three docket numbers).

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/20