J-S07039-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, :    IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
         Appellee : 
: 
      v. : 
: 
SYLVAN HAYES, : 
: 
         Appellant :    No. 2578 EDA 2018

Appeal from the PCRA Order Entered August 17, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007533-2009
CP-51-CR-0007534-2009

BEFORE: NICHOLS, J., KING, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:        **FILED MARCH 04, 2020**

Sylvan Hayes (Appellant) appeals from the August 17, 2018 order dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Upon review, we quash this appeal.

In light of our disposition, a detailed recitation of the underlying facts is unnecessary. Pertinent to this appeal, on June 23, 2011, Appellant entered into an open guilty plea, whereby he pleaded guilty to two counts each of attempted murder, aggravated assault, possessing an instrument of crime, and terroristic threats.[1] On November 6, 2012, Appellant was sentenced to two consecutive terms of 12 ½ to 25 years of incarceration for attempted murder, with no further penalty on the remaining crimes.

---

[1] There were two victims in this case, and Appellant was charged at separate docket numbers with the same charges for each victim.

* Retired Senior Judge assigned to the Superior Court.

After the reinstatement of his right to file a direct appeal *nunc pro tunc*, Appellant filed a notice of appeal to this Court on July 8, 2016. Appellant subsequently withdrew that appeal and filed timely the PCRA petition at issue in this case. Counsel was appointed, and he filed several amended PCRA petitions, raising various claims including the ineffective assistance of trial counsel for letting Appellant enter into an unknowing and involuntary guilty plea. On August 17, 2018, the PCRA court denied Appellant PCRA relief.[2] On August 30, 2018, Appellant timely filed a single notice of appeal, which listed both docket numbers.[3]

On appeal to this Court, Appellant contends the PCRA court erred in "denying [A]ppellant an evidentiary hearing on the issue of trial [] counsel's failure to file a motion to withdraw guilty plea before sentence when the guilty plea was not knowing, intelligent and voluntary[.]" Appellant's Brief at 2. Prior to reaching the merits of this appeal, we must consider whether it

---

[2] The PCRA court did not issue notice of its intent to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907. **See** Pa.R.Crim.P. 907. Although this requirement is mandatory, **see Commonwealth v. Boyd**, 923 A.2d 513, 514 n.1 (Pa. Super. 2007), the failure to raise this defect on appeal results in waiver of this claim. **See Commonwealth v. Zeigler**, 148 A.3d 849, 851 n.2 (Pa. Super. 2016). Here, Appellant has not raised this issue on appeal; therefore, it is waived.

[3] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

should be quashed in light of our Supreme Court's holding in *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018).[4]

In *Walker*, our Supreme Court considered whether to quash an appeal where one notice of appeal was filed for orders entered at more than one docket number. The Official Note to Pennsylvania Rule of Appellate Procedure 341(a) provides that "[w]here … one or more orders resolves [*sic*] issues arising on more than one docket … separate notices of appeal must be filed." Pa.R.A.P. 341, Note. In *Walker*, our Supreme Court found that the "Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal." *Id.* at 976-77. Thus, it held that for appeals filed after June 1, 2018, the date *Walker* was filed, "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed." *Id.* at 977. The Court emphasized that the "failure to do so will result in quashal of the appeal." *Id.*

In this case, on August 30, 2018, Appellant filed a single notice of appeal from an order dismissing Appellant's PCRA petition filed at two docket numbers. Because Appellant filed his notice of appeal after our Supreme Court's decision in *Walker*, and failed to comply with Rule 341, we must

---

[4] On March 5, 2019, this Court issued a rule to show cause on Appellant as to why this appeal should not be quashed pursuant to *Walker*. On March 11, 2019, counsel responded that *Walker* "does not apply because it was a Commonwealth appeal from four cases that involved four different defendants. This case involves one defendant and all issues are identical." Response to Rule to Show Cause, 3/11/2019, at ¶ 3. The rule was discharged and the issue was deferred to this panel for consideration.

quash this appeal. *See Commonwealth v. Nichols*, 208 A.3d 1087 (Pa. Super. 2019) (quashing appeal from order denying timely-filed PCRA petition listing three docket numbers).

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/4/20