J-A07040-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TYWON D. BAKER :
:
Appellant : No. 315 MDA 2019

Appeal from the PCRA Order Entered January 24, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0002036-2007,
CP-22-CR-0002041-2007, CP-22-CR-0002053-2007

BEFORE:  OLSON, J., DUBOW, J., and McLAUGHLIN, J.

JUDGMENT ORDER BY McLAUGHLIN, J.:                **FILED MAY 19, 2020**

Tywon Baker appeals *pro se* from the order entered January 24, 2019, denying his fifth petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. Based on ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), we quash this appeal.

On June 23, 2008, Baker pleaded guilty to third-degree murder and related charges at three separate docket numbers: 2036 CR 2007, 2041 CR 2007, and 2053 CR 2007. The court sentenced him to 30 to 60 years in prison. He did not file a direct appeal. On September 14, 2012, this Court affirmed the denial of Baker's first, counseled, PCRA petition, and granted PCRA counsel's petition to withdraw.

Baker filed the instant PCRA petition, his fifth, on October 12, 2018, claiming to have met the newly recognized constitutional right exception to

the PCRA time-bar, based on **McCoy v. Louisiana**, 138 S.Ct. 1500 (2018). The PCRA court denied the petition as untimely on January 24, 2019. On February 13, 2019, Baker appealed *pro se*, filing a single notice of appeal listing the three trial court docket numbers.

We do not reach the merits of Baker's issues because we must quash the appeal pursuant to Rule of Appellate Procedure 341 and **Walker**.[1]

> [I]n **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), our Supreme Court held – unequivocally – that "prospectively, where a single order resolves issues arising on more than one docket, **separate notices of appeal must be filed for each case**." *Id.* at 971 (emphasis added). The Supreme Court observed that the Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure "provides a bright-line mandatory instruction to practitioners to file separate notices of appeal," and accordingly, determined that "**the failure to do so requires the appellate court to quash the appeal**." **Walker**, at 976-77 (emphasis added).

**Commonwealth v. Nichols**, 208 A.3d 1087, 1089-90 (Pa.Super. 2019) (emphasis in original).

Here, Baker's case involves three separate docket numbers: 2036 CR 2007, 2041 CR 2007, and 2053 CR 2007. Under current precedent, our Supreme Court mandates that Baker must have filed a separate notice of appeal for the dismissal of his PCRA petition filed at each docket number. Instead, Baker filed a single notice of appeal containing multiple docket numbers. Therefore, pursuant to **Walker**, we quash the appeal.

---

[1] On March 12, 2019, this Court issued a rule to show cause directing Baker to show why his appeal should not be quashed in light of **Walker**. Baker filed a response and, on April 26, 2019, this Court entered an order discharging the rule and stating that the merits panel would revisit the issue.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/19/2020