J-A10028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EVAN LEFFERTS BAKER | : | |
| | : | |
| Appellant | : | No. 1198 EDA 2019 |

Appeal from the Judgment of Sentence Entered March 18, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0007932-2017, CP-09-CR-0007933-2017

BEFORE:   BOWES, J., SHOGAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED:  JANUARY 4, 2021**

Appellant, Evan Lefferts Baker, appeals from the judgment of sentence entered following his convictions of various sex offenses.  After careful review, we quash this appeal pursuant to ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018).

The trial court summarized the history of this case as follows:

> On March 6, 2018, Appellant entered guilty pleas under Bucks County Docket No. CP-09-CR-0007932-2017 to one count each of Child Pornography,[1] Unlawful Contact with a Minor including Sexual Offenses,[2] Indecent Assault of a Person less than 13 years of Age,[3] Endangering the Welfare of Children,[4] Corruption of Minors,[5] and Indecent Assault without the Consent of the Other[6] as the result of his criminal conduct that occurred on or about October 25, 2016, and April 7, 2017.
>
> [1] 18 Pa.C.S. § 6312(d).
> [2] 18 Pa.C.S. § 6318(a)(1).

---

[*] Retired Senior Judge assigned to the Superior Court.

[3] 18 Pa.C.S. § 3126(a)(7).
[4] 18 Pa.C.S. § 4304(0(1).
[5] 18 Pa.C.S. § 6301(a)(1)(0.
[6] 18 Pa.C.S. § 3126(a)(1).

On March 6, 2018, Appellant also entered guilty pleas under Bucks County Docket No. CP-09-CR-0007933-2017 to six (6) counts of Knowingly Permitting the Photographing/Filming/ Depicting on a Computer certain Sex Acts of a Child,[7] six (6) counts of Knowingly Photographing/Filming/ Depicting on Computer certain Sex Acts of a Child on a Computer, Photo, etc.,[8] two (2) counts of Endangering Welfare of Children while being a Parent/Guardian/Other,[9] six (6) counts of Child Pornography[10] two (2) counts of Corruption of Minor when the Defendant is Age 18 or above,[11] one (1) count of Unlawful Contact with a Minor involving Sexual Offense,[12] two (2) counts of Indecent Exposure,[13] one (1) count of Invasion of Property,[14] and one (1) count of Open Lewdness[15] as the result of his criminal activities on July 30, 2016 and July 31, 2016.

[7] 18 Pa.C.S; § 6312(b)(1).
[8] 18 Pa.C.S. § 6312(b)(2).
[9] 18 Pa.C.S. § 4304(a)(1).
[10] 18 Pa.C.S. § 6312(d).
[11] 18 Pa.C.S. § 6301(4)(1 )(ii).
[12] 18 Pa.C.S. § 6318(a)(1) & (a)(2).
[13] 18 Pa.C.S. § 3127(a).
[14] 18 Pa.C.S. § 7507.1(a)(2).
[15] 18 Pa.C.S. § 5901.

After entering his guilty pleas, the [trial court] ordered the [Sexual Offenders Assessment Board ("SOAB")] to perform [a sexually violent predator ("SVP")] assessment of Appellant[,] and [the trial judge] sentenced Appellant under No. CP-09-CR-0007932-2017 on the charge of Child Pornography to a period of incarceration of time served to a maximum of twenty-three (23) months, and to period of probation on the charge of Indecent Assault of five (5) years, to be served consecutive to the sentence for Child Pornography. [The trial court] then sentenced Appellant under No. CP-09-CR-0007933-2017 for the charge of Knowingly Photographing/Filming/Depicting on Computer certain Sex Acts of a Child to a period of incarceration of not less than eleven (11) months and twenty-nine (29) days nor more than twenty-three (23) months and twenty-nine (29) days, plus a consecutive period

of probation for five (5) years.  This sentence was, to be served consecutive to the sentences imposed under CP-09-CR-0007931-2017.  …  No further penalties were imposed on the remaining charges.  [Appellant did not file either a timely post-sentence motion or a direct appeal.]

On June 8, 2018, the Commonwealth filed Petition for a Hearing to Determine Defendant's Sexual Offender Classification. On August 31, 2018, Appellant filed his post-sentence Motions entitled "Defendant's Motion to Quash the Commonwealth's Request for a Hearing to Determine Sexual Offender Classification; Defendant's Motion to Declare SORNA 42 Pa.C.S.A. 9799 et seq. Unconstitutional; Motion to Vacate/Bar SOAB Evaluation; Objection to Commonwealth's Petition for Sexually Violent Predator Hearing; Motion for Continuance/Abeyance/Evidentiary Hearing and/or Motion to Bar Imposition, of an Illegal Sentence."  Appellant filed a supporting Brief on September 12, 2018.  [Appellant's post sentence motions were joined for briefing and argument with multiple other sexual offenders who also raised challenges to the constitutionality of SORNA II in Bucks County.]

* * *

After conducting the *en banc* hearing, [the trial court] filed a Memorandum Opinion on December 17, 2018.  In this Memorandum Opinion, [the *en banc* court] found SORNA punitive based on [the seven factors provided in ***Kennedy v. Mendoza–Martinez***, 372 U.S. 144 (1963).]  On December 20 2018, the Commonwealth filed a "Motion for Reconsideration/Clarification of Memorandum Opinion."

On January 11, 2019, [the trial court sitting *en banc*] scheduled an Oral Argument *en banc*, for February 13, 2019.  On February 13, 2019, a hearing was held and it was ordered that briefs were to be submitted by counsel by February 25, 2019 if counsel wish[ed].  [Both parties to this matter filed briefs with the trial court.]

Trial Court Opinion, 7/9/19, at 1-4.

On March 18, 2019, the *en banc* panel vacated the conclusion from the

December 17, 2018 memorandum opinion and issued an order declaring that

all judges presiding over criminal matters in Bucks County will not designate defendants to be an SVP or hold SVP hearings, but will continue to apply the sex offender registration periods. On April 17, 2019, Appellant filed this appeal at trial court docket number CP-09-CR-0007932-2017, which contained both trial court docket numbers. Incidentally, Appellant only paid one filing fee for the notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On May 3, 2019, this Court ordered Appellant to show cause why his appeal should not be quashed under *Walker*, 185 A.3d at 977 (holding that, pursuant to Pa.R.A.P. 341, an appellant's failure to file separate notices of appeal "when a single order resolves issues arising on more than one lower court docket" requires quashal of the appeal). On May 14, 2019, Appellant filed a response. This Court thereafter discharged the rule to show cause order, but informed Appellant that this panel would revisit the *Walker* issue.

Appellant presents the following issues for our review:

A. Whether the Lower Court erred when it failed to find that ACT 29 and its registration requirements violated the United States Constitution and the enhanced protections under the Pennsylvania Constitution on its face and as applied?

B. Whether the Lower Court erred when it failed to find that ACT 29 and its registration requirements violated the United States and Pennsylvania Constitution Due Process prohibition against *ex post facto* laws?

C. Whether the Lower Court erred when it failed to find that ACT 29 and its registration requirements violated United States and Pennsylvania Constitutional Due Process protections because it deprives Appellant of the Right to Reputation under the

Pennsylvania Constitution, it creates an irrebuttable presumption, treats all offenders universally as high-risk, violates individualized punishment, overly inclusive of offenders and charges, ignores reasonable alternative means exist to identify offender risk, denies any meaningful opportunity to be heard, exceeds the least restrictive means requirement, and otherwise violates substantive Due Process protections?

D. Whether the Lower Court erred when it failed to find that ACT 29 and its registration requirements violate the United States and Pennsylvania Constitutions as it constitutes cruel and unusual punishment where registration is based upon empirically false myths, fails to deter first time offenders, fails to reduce recidivism, threatens public safety, forces registrants and their families to suffer, creates an impassable barrier to reintegration into law-abiding society, and fails to address each offender individually?

E. Whether the Lower Court erred when it failed to find that ACT 29 and its registration requirements violate the United States and Pennsylvania Constitutions' Separation of Powers Doctrine, as it gave judicial powers to the Legislature and Pennsylvania State Police?

F. Whether the Lower Court erred when it failed to find that ACT 29 and its registration requirements violated United States and Pennsylvania Constitutions' Due Process provisions as it increased the maximum sentence without proof beyond a reasonable doubt to a jury in violation of Alleyne v. United States, 570 U.S. 99 (2013), and that said provisions are not severable?

Appellant's Brief at 4-5 (verbatim).

Before we may address Appellant's claims, we must determine whether we are compelled to quash this appeal under *Walker*.

In [that case], our Supreme Court held—unequivocally—that "prospectively, where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." [*Walker*, 185 A.3d] at 971 (emphasis added). The Supreme Court observed that the Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure "provides a bright-line mandatory instruction to practitioners to file separate notices of appeal," and accordingly, determined that "the failure to do so

requires the appellate court to quash the appeal." [**Id**.] at 976-977 (emphasis added). Because this mandate was contrary to decades of case law, the Supreme Court specified that the requirement would apply only to appeals filed after June 1, 2018, the date **Walker** was filed. **Id**.

**Commonwealth v. Nichols**, 208 A.3d 1087, 1089–1090 (Pa. Super.2019).

In **Nichols**, this Court quashed because the appellant included multiple docket numbers on a single notice of appeal. **Id**. at 1090. We concluded that quashal was required, even though the appellant was appealing from a single court order that also listed multiple docket numbers. **Id**. at 1089-1090.

Instantly, we must apply **Walker** because Appellant filed his notice of appeal on April 17, 2019. Under current precedent, although the trial court's order listed two docket numbers with regard to Appellant's caption, our Supreme Court mandates that Appellant was to file a separate notice of appeal for each trial court docket number. Here, Appellant listed two docket numbers on a single notice of appeal, which was filed at trial court docket number CP-09-CR-0007932-2017.[1] Because Appellant filed a single notice of appeal post-

_____

[1] We note that the certified record for trial court docket number CP-09-CR-0007933-2017 contains a photocopy of the notice of appeal filed at trial court docket number CP-09-CR-0007932-2017, which was produced after the document was received and time stamped by the lower court. **Compare Commonwealth v. Rebecca Johnson**, ____ A.3d ____, 2020 PA Super 173 at *3-4 (filed July 23, 2020) (*en banc*) (declining to quash appeal where the appellant filed an identical notice of appeal at three lower court dockets being appealed; however, this Court was able to determine that the three notices were "clearly distinct filings" as two of the notices were time-stamped at the same time but the stamps were affixed on different portions of the page and the other notice was time-stamped as being filed two minutes later).

*Walker*, from an order resolving issues on more than one lower court docket, this Court is constrained to quash the instant appeal.[2]

Appeal quashed.

Judge Bowes joins this Memorandum.

Judge Pellegrini files his Dissenting Memorandum.

_____

Moreover, we further note that the record reflects that Appellant submitted one filing fee.

[2] The learned Dissent presents a thoughtful and unique avenue in which to circumvent the necessity that Appellant's appeal be quashed. Specifically, the Dissent suggests that Appellant's notice of appeal be treated as a petition to join the appeals of other defendants named in the caption of the order on review and then allow him to be an appellant in those appeals. In reaching this conclusion, the Dissent relies upon the language of Pa.R.A.P. 512, which addresses joint appeals. However, the Dissent overlooks the following language from the note to Rule 512, which precludes the relief suggested:

> *Note:* This describes who may join in a single notice of appeal. **The rule does not address whether a single notice of appeal is adequate under the circumstances presented. Under Rule 341, a single notice of appeal will not be adequate to take an appeal from orders entered on more than one trial court docket**. See Rule 341, Note **("Where, however, one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed**.").

Pa.R.A.P. 512 note (emphases added). Hence, this language requires that, due to Appellant's failure to file properly his notice of appeal pursuant to *Walker* and Rule 341, the redress suggested by the Dissent is not available in this instance.

- 7 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/21