J-S09025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL GREGOR | : | |
| | : | |
| Appellant | : | No. 2489 EDA 2019 |

Appeal from the PCRA Order Entered July 30, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0000238-2008,
CP-46-CR-0008845-2010

BEFORE:   SHOGAN, J., LAZARUS, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, J.:                           Filed: March 20, 2020

Daniel Gregor appeals from the order, entered in the Court of Common Pleas of Montgomery County, dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We quash.

On July 8, 2008, Gregor entered a negotiated guilty plea to one count of possession with intent to deliver (PWID),[1] and the court sentenced him to three years' probation (Docket # CP-46-CR-0000238-2008).  On October 28, 2009, the court sentenced him to 4 to 12 months' imprisonment for a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(3).

probation violation (also indexed at Docket # CP-46-CR-0000238-2008). On October 27, 2011, Gregor entered an open guilty plea to involuntary deviate sexual intercourse (IDSI) with a child under thirteen,[2] (Docket # CP-46-CR-0008845-2010), and he stipulated to a probation violation in the matter indexed at CP-46-CR-0000238-2008. On January 30, 2012, at Docket # CP-46-0008845-2010, the court sentenced Gregor to 7½ to 15 years' imprisonment for IDSI and a concurrent sentence of 3-6 years' imprisonment for the probation violation.

Gregor did not file a direct appeal. On March 13, 2019, Gregor file a *pro se* PCRA petition. The court appointed counsel, who filed a **Turner**/**Finley**[3] "no-merit" letter and a petition to withdraw. On July 3, 2019, the PCRA determined Gregor's petition was untimely and issued notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. Gregor filed a response. The court, finding no issues entitled Gregor to relief or required a hearing, dismissed the petition by order dated July 30, 2019. In its order, the PCRA advised Gregor of his appellate rights as follows: "Defendant is hereby advised of his right to appeal the dismissal of his PCRA Petition, either *pro se* or through privately retained counsel, to the Superior Court of Pennsylvania within thirty (30) days

---

[2] 18 Pa.C.S.A. § 3123(b).

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (1988) (en banc).

of the date of this Order." Order, 7/30/19.[4] This timely appeal followed on August 29, 2019.[5]

Gregor filed a single notice of appeal from an order that resolved issues relating to two different docket numbers. On January 3, 2020, this Court issued a rule to show cause why the instant appeal should not be quashed pursuant to **Commonwealth v. Walker**, 185 A.3d 969, 976 (Pa. 2018). Gregor filed a timely response, explaining he is not "lettered in the law." Response to Rule to Show Cause, 1/15/20.[6]

In **Walker**,

_____

[4] We recognize that in **Commonwealth v. Stansbury**, 219 A.3d 157 (Pa. Super. 2019), our Court declined to quash an appeal where a defendant filed one notice of appeal listing two docket numbers. **Id.** at 158. In that case, the trial court advised a *pro se* defendant to file "a written notice of appeal to the Superior Court" from **a** single trial court order listing multiple docket numbers under one caption. **Id.** at 159 (emphasis in original). Our Court concluded that the defendant had been misinformed by the trial court, which amounted to a "breakdown in the court system" and excused the defendant's lack of compliance with **Walker**. **Id.** at 160. Instantly, and unlike **Stansbury**, we discern no "misstatements" in the PCRA court's notice of appellate rights and, therefore, we find no "breakdown in court operations[.]" **Id.** at 159.

[5] We note Gregor's brief does not include a Statement of Questions Involved, as required by Pa.R.A.P. 2116, but appears to challenge PCCA counsel's effectiveness. His brief contains various other substantial defects. **See** Pa.R.A.P. 2101. Although we are willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. **See Commonwealth v. Tchirkow** 160 A.3d 798 (Pa. Super. 2017); **Commonwealth v. Adams**, 882 A.2d 496, 497–98 (Pa. Super. 2005).

[6] On January 30, 2020, this Court discharged the rule to show cause and referred the matter to the merits panel. Order, 1/30/20.

our Supreme Court held–unequivocally–that "prospectively, where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." [**Walker**, 185 A.3d] at 971 (emphasis added). The Supreme Court observed that the Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure "provides a bright-line mandatory instruction to practitioners to file separate notices of appeal," and accordingly, determined that "*the failure to do so requires the appellate court to quash the appeal*." [**Id.**] at 976-77 (emphasis added). Because this mandate was contrary to decades of case law, the Supreme Court specified that the requirement would apply only to appeals filed after June 1, 2018, the date **Walker** was filed. **Id.**

**Commonwealth v. Nichols**, 208 A.3d 1087, 1089–90 (Pa. Super. 2019).

In **Nichols**, this Court quashed because the appellant included multiple docket numbers on single notice of appeal. **Id.** at 1090. We concluded that quashal was required, even though the appellant was appealing from a PCRA court order that also listed multiple docket numbers. **Id**. at 1089-90. Here, Gregor listed two docket numbers on his single notice of appeal; his notice of appeal, dated August 29, 2019, was filed over one year after **Walker**. Accordingly, although the PCRA court's order dismissing his petition also listed two docket numbers, we are constrained to quash the instant appeal. **Walker**, **supra**; **Nichols**, **supra**. **See Commonwealth v. Williams**, 206 A.3d 573 (Pa. Super. 2019) (quashing *pro se* PCRA petitioner's single appeal, "in accordance with Rule 341 and **Walker**," because it was filed on June 5, 2018, and listed multiple docket numbers).

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/20/2020