J-S04013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH HOYLE | : | |
| | : | |
| Appellant | : | No. 443 EDA 2019 |

Appeal from the Judgment of Sentence Entered October 19, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008019-2017,
CP-51-CR-0008020-2017

BEFORE: BENDER, P.J.E., STABILE, J., and MURRAY, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED MARCH 27, 2020**

Appellant, Kenneth Hoyle, appeals from the October 19, 2018 judgment of sentence of two consecutive terms of life incarceration, without the possibility of parole, imposed after a jury convicted him of two counts of first-degree murder and possessing an instrument of crime. After careful review, we are compelled to quash this appeal.

A detailed summary of the facts of Appellant's case is not necessary to our disposition. We only note that in the early morning hours of July 16, 2017, Appellant shot his neighbor, Robert DePaul, and DePaul's female companion, August Dempsey, after a verbal altercation. Appellant was arrested on July 17, 2017, and charged in two separate cases (pertaining to each victim) with the above-stated crimes. His cases were consolidated and, at the close of his jury trial on October 19, 2018, he was convicted of each offense with which

he was charged. Appellant was sentenced that same day to the term of incarceration set forth *supra*. He filed a timely post-sentence motion, which was denied on February 6, 2019.

On February 9, 2019, Appellant filed a single notice of appeal listing both docket numbers of his two underlying cases. On November 13, 2019, this Court issued a rule to show cause order, directing Appellant to explain why we should not quash his appeal based on his failure to comply with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (holding that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases"). On November 17, 2019, Appellant filed a response, claiming that his case is "completely distinguishable from … **Walker**" because he "was convicted for killing two victims during one shooting incident[,] and the only reason for separate case numbers being issued was the Commonwealth's decision to use two separate numbers for the different victims…." Appellant's Response, 11/17/19, at 1 ¶ 2 (pages unnumbered). On November 27, 2019, this Court discharged the rule to show cause order and referred the **Walker** issue to the merits panel.

We now determine that we must quash Appellant's appeal. As this Court explained in **Commonwealth v. Creese**, 216 A.3d 1142 (Pa. Super. 2019):

> The Official Note to Rule 341(a) of the Pennsylvania Rules of Appellate Procedure, which was amended in 2013, provides:
>
>> Where, however, one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. **Commonwealth v. C.M.K.**, 932 A.2d 111, 113 & n.3 (Pa.

- 2 -

Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

Until recently, it was common for courts of this Commonwealth to allow appeals to proceed, even if they failed to conform with Rule 341. *See*, *e.g.*, *In the Interest of P.S.*, 158 A.3d 643, 648 (Pa. Super. 2017) (noting common practice to allow appeals to proceed if the issues involved are nearly identical, no objection has been raised, and the period for appeal has expired).

In … *Walker*, however, our Supreme Court held unequivocally that "prospectively, where a single order resolves issues arising on more than one docket, **separate notices of appeal must be filed for each case.**" *Walker*, 185 A.3d at 971 (emphasis added). The Supreme Court observed that the Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure "provides a bright-line mandatory instruction to practitioners to file separate notices of appeal," and accordingly, determined that "**the failure to do so requires the appellate court to quash the appeal.**" *Id.* at 976-77 (emphasis added). Because this mandate was contrary to decades of case law, the Supreme Court specified that it would apply only to appeals filed after **June 1, 2018**, the date *Walker* was filed. *Id.*

*Id.* at 1143 (emphasis added in *Creese*).

The *Creese* panel construed *Walker* as mandating that "we may not accept a notice of appeal listing multiple docket numbers…. Instead, a notice of appeal may contain only one docket number." *Id.* at 1144. While we "recognize[d] the severity of this application[,]" we reasoned that,

if we consistently apply *Walker* by quashing any notice of appeal filed after June 1, 2018[,] that contains more than one docket number, consistent with *Walker*, and regardless of what occurred in the actual filing of that notice of appeal below, it will ultimately benefit appellants and counsel by providing clear guidance on how to satisfy *Walker* and Rule 341(a). Conversely, if we create exceptions to Rule 341 and *Walker* to avoid a harsh result, we will return to a scenario that the amendment to the Official Note

and **Walker** sought to abrogate. In addition, we will do a disservice to appellants and counsel by applying the rule in a manner that is both confusing and inconsistent, the latter of which would be patently unfair.

**Creese**, 216 A.3d at 1144.

Here, Appellant essentially asks us to create an exception to the bright-line rule of **Walker** by assessing the facts of his case, rather than the face of his notice of appeal. Under **Creese**, we cannot do so. Instead, we must quash Appellant's appeal, as it was filed after June 1, 2018, and it listed two docket numbers.[1]

Appeal quashed. Jurisdiction relinquished.

---

[1] **See also Commonwealth v. Nichols**, 208 A.3d 1087 (Pa. Super. 2019) (quashing a counseled appeal that listed three trial court docket numbers and was filed after the **Walker** decision); **Commonwealth v. Williams**, 206 A.3d 573 (Pa. Super. 2019) (quashing a *pro se* appeal that listed four trial court docket numbers and was filed after the **Walker** decision). **But see Commonwealth v. Stansbury**, 219 A.3d 157 (Pa. Super. 2019) (declining to quash a *pro se* appeal because the order disposing of his petition under the Post Conviction Relief Act, 42 Pa.C.S. § 9541-9546, amounted to a breakdown in the operations of the court). We observe that Appellant made no argument that our decision in **Stansbury**, involving a *pro se* notice of appeal, should be applied to his counseled appeal in this case.

J-S04013-20

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/27/2020