J-S13007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SAMUEL GONZALEZ | |
| Appellant | No. 456 MDA 2019 |

Appeal from the PCRA Order Entered March 6, 2019
In the Court of Common Pleas of Lebanon County
Criminal Division at Nos.: CP-38-CR-0000632-2004; CP-38-CR-0000633-2004; and CP-38-CR-0000987-2004

BEFORE:  STABILE, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 03, 2020**

Appellant Samuel Gonzalez *pro se* appeals from the March 6, 2019 order entered in the Court of Common Pleas of Lebanon County ("PCRA Court"), which dismissed as untimely his third petition for collateral relief under the Post Conviction Relief Act (the "PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

On December 8, 2004, a jury found Appellant guilty of committing multiple sexual offenses against two minors:  his daughter and a former neighbor.  On February 10, 2005, another jury convicted him of committing multiple sexual offenses against a different minor who was a friend of Appellant's family.  The trial court consolidated the cases for sentencing.  On

_____

[*] Retired Senior Judge assigned to the Superior Court.

October 25, 2005, the court sentenced Appellant to an aggregate term of 14 to 30 years' imprisonment and determined him to be sexually violent predator (SVP) under Megan's law.

On October 16, 2006, this Court affirmed Appellant's judgment of sentence, and on May 25, 2007, our Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Gonzalez*, 913 A.2d 941 (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 926 A.2d 441 (Pa. 2007).

On May 21, 2008, Appellant filed his first PCRA petition, arguing that his trial counsel was ineffective for failing to (1) call witnesses to contradict prosecution witnesses, (2) call character witnesses, and (3) object to evidence procured by Lebanon County Children and Youth Services. On November 18, 2008, the PCRA court denied the petition. Appellant did not appeal the denial.

On January 10, 2018, Appellant *pro se* filed two petitions—one requesting the withdrawal of prior counsel and the appointment of alternative counsel, and another seeking the transcripts from his PCRA hearing. Appellant filed three more petitions on March 8, 2018, one to proceed *in forma pauperis*, a second for withdrawal of counsel, and third for an evidentiary hearing in the event that his other petitions were not granted. On March 21, 2018, the PCRA court denied Appellant's requests for transcripts, an evidentiary hearing, and

*in forma pauperis* status, characterizing these three requests as an untimely petition for PCRA relief.[1]

On March 23, 2018, Appellant *pro se* filed a second PCRA petition, arguing that **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), entitled him to relief from SORNA's registration requirements and his designation as an SVP. The petition was denied. On February 27, 2019, Appellant *pro se* filed the instant—his third—PCRA petition, alleging abandonment by all prior counsels. On March 6, 2019, the PCRA court dismissed as untimely his third petition. In the order, the trial court advised Appellant that "he has thirty (30) days from today's date in which to file **an** appeal of this decision with the Pennsylvania Superior Court." PCRA Court Order, 3/6/19 at 4 (emphasis added). Appellant appealed. The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, raising three assertions of error:

> [1.] Did the court err in failing to determine that [Appellant] suffered abandonment of counsel for appeal where [Appellant] did not speak English at the time?
>
> [2.] Did the court err in failing to determine if one who does not speak English or spoke very little was denied assistance of counsel for the purpose of appeal, and that the trial court failed to make a factual determination?
>
> [3.] Did the trial court err in failing to make a determination regarding the right of appeal where [Appellant] did not speak English, where counsel failed to confer with [Appellant] (through an interpreter), where the court only looked at the length of time, and where the court never considered [Appellant's] inability to

---

[1] On appeal, we determined that Appellant waived his challenge to the March 21, 2018 order. **Commonwealth v. Gonzalez**, 203 A.3d 315 (Pa. Super. filed December 13, 2018) (unpublished memorandum).

speak the English language and counsel did not speak flaunt [sic] Spanish? And was [Appellant's] constitutional right of appeal denied under these circumstances?

Rule 1925(b) Statement, 4/4/19 (unnecessary capitalization omitted) (sic).

In response, the trial court issued a Pa.R.A.P. 1925(a) opinion, concluding that Appellant was not entitled to relief on his untimely PCRA petition. The court further determined that, even if the petition were not untimely, Appellant's claim that he could not speak or understand English was waived. He could have raised this claim previously, but failed to do so. *See* 42 Pa.C.S.A. § 9544(b) (an issue is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

On appeal,[2] Appellant presents a single, compound issue for our review.

[I.] Did the trial court err in failing to make a determination regarding the right of appeal. Was the standard of review followed where, no hearing was held for a factual determination. And Appellant has consistently asked the trial court to protect his right of appeal, due to abandonment or ineffective assistance of counsel. Did counsel abandon Appellant or was ineffective regarding protecting his right of appeal.

Appellant's Brief at 3 (unnecessary capitalization omitted).

At the outset, we note that Appellant filed a single notice of appeal from the March 6 order that resolved issues relating to three different docket numbers. On May 2, 2019, we issued a rule to show cause why the instant

---

[2] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014) (quoting ***Commonwealth v. Rainey***, 928 A.2d 215, 223 (Pa. 2007)).

appeal should not be quashed pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). Following Appellant's response, we discharged the show-cause order.

We have explained:

> our Supreme Court held–unequivocally–that prospectively, where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case. The Supreme Court observed that the Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure provides a bright-line mandatory instruction to practitioners to file separate notices of appeal, and accordingly, determined that the failure to do so requires the appellate court to quash the appeal. Because this mandate was contrary to decades of case law, the Supreme Court specified that the requirement would apply only to appeals filed after June 1, 2018, the date **Walker** was filed.

**Commonwealth v. Nichols**, 208 A.3d 1087, 1089 (Pa. Super. 2019) (internal citations and quotation marks omitted; emphasis removed).

Upon review, however, we decline to quash the instant appeal as the defect in conforming with **Walker** resulted from Appellant "acting in accordance with misinformation relayed to him by the trial court." **Commonwealth v. Stansbury**, 219 A.3d 157 (Pa. Super. 2019). In **Stansbury**, our Court declined to quash an appeal pursuant to **Walker** where a defendant filed one notice of appeal listing multiple docket numbers. **Id.** at 158. There, as here, the trial court advised a *pro se* defendant to file **"a written notice of appeal to the Superior Court"** from a single trial court order listing multiple docket numbers under a single caption. **Id.** at 159 (emphasis in original). We concluded that the trial court had misinformed the defendant, which amounted to a "breakdown in the court system" and excused

the defendant's lack of compliance with **Walker**. **Id.** at 160. Accordingly, the instant appeal is properly before us.

Before we may address the merits of this appeal, we must determine whether the PCRA court had jurisdiction to entertain the underlying PCRA petition. The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). Section 9545's timeliness provisions are jurisdictional. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014). Additionally, we have emphasized repeatedly that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Here, the record reflects that the Pennsylvania Supreme Court denied Appellant's petition of allowance of appeal on May 25, 2007. Appellant had up to ninety days or until August 25, 2007, to file a petition for writ of certiorari with the United Supreme Court. *See Commonwealth v. Lark*, 746 A.2d 585, 587 (Pa. 2000); U.S. Sup.Ct. R. 13 (petitioner has ninety days from judgment of sentence to file for writ of certiorari with U.S. Supreme Court). Because Appellant did not file a writ of certiorari, his judgment became final on August 25, 2008. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Accordingly, Appellant's current filing is facially untimely given it was filed on February 27, 2019, more than ten years late.

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. *See Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008). Here, Appellant has failed to allege, let alone prove, at any stage of the proceeding any exceptions to the one-year time bar.

Accordingly, the PCRA court did not err in dismissing as untimely his third PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/03/2020