J-S34037-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RONALD LARRY SLICKER, SR. :
:
Appellant : No. 86 WDA 2019

Appeal from the Judgment of Sentence Entered September 17, 2018
In the Court of Common Pleas of Lawrence County Criminal Division at
No(s): CP-37-CR-0000943-2015,
CP-37-CR-0000948-2015

BEFORE: DUBOW, J., McLAUGHLIN, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.: FILED AUGUST 3, 2020

Appellant, Ronald Larry Slicker, Sr., appeals from the judgment of sentence imposed after he pleaded nolo contendere to sexual assault.[1] We affirm.

On August 18, 2015, the Commonwealth charged Appellant at two separate criminal dockets CP-37-CR-0000943-2015 ("No. 943-15") and CP-37-CR-0000948-2015 ("No. 948-15") relating to allegations that he engaged in oral, anal, and vaginal sexual intercourse on several occasions with a female victim who was approximately five to six years old and that he gave the same victim a vibrating sex toy on her fourteenth birthday. On March 31, 2016, the

_____

[1] 18 Pa.C.S. § 3124.1.

* Retired Senior Judge assigned to the Superior Court.

trial court entered an order consolidating the two cases for the purposes of trial.

On May 21, 2018, Appellant proceeded to a jury trial at No. 943-15 on one count of involuntary deviate sexual intercourse ("IDSI") with a child and one count of corruption of minors[2] and at No. 948-15 on three counts of rape of a child, two counts of IDSI with a child, and one count of indecent assault without consent of the complainant.[3] On May 25, 2018, the jury returned a verdict of guilt as to the corruption of minors charge at No. 943-15, and a mistrial was declared as to the remaining count at No. 943-15 and all of the charges at No. 948-15. N.T., 5/25/18, at 116-18.

On May 30, 2018, the Commonwealth filed a motion for new trial as to the remaining charges from both cases. The trial court granted that motion and scheduled the trial to begin on September 17, 2018. On that date, however, Appellant entered a plea of nolo contendere to one count of sexual assault at No. 948-15, and the Commonwealth withdrew the remaining charges at both docket numbers.[4] N.T., 9/17/18, at 5-16; No Contest Plea Colloquy Form, 9/18/18. The trial court sentenced Appellant on September 17, 2018 to two years and six months to five years of imprisonment on the sexual assault charge at No. 948-15 and one to two years of imprisonment on

_____

[2] 18 Pa.C.S. §§ 3123(b) and 6301(a)(1), respectively.

[3] 18 Pa.C.S. §§ 3121(c), 3123(b), and 3126(a)(1), respectively.

[4] At the plea hearing, the trial court amended one of the counts of rape of a child at No. 948-15 to a count of sexual assault upon the consent of the parties. N.T., 9/17/18, at 2-3, 15-16.

the corruption of minors charge at No. 943-15, with the sentences to be served concurrently. N.T., 9/17/18, at 18-19; Sentencing Order, No. 943-15, 9/18/18; Sentencing Order, No. 948-15, 9/18/18.

On September, 26, 2018, Appellant filed a motion seeking to withdraw his nolo contendere plea at No. 948-15 on the grounds that he did not enter the plea knowingly, intelligently, and voluntarily and that he received ineffective assistance from his trial counsel with respect to his advice to accept the plea. Motion, 9/26/18, ¶¶4, 6. Appellant additionally argued in that motion and in a supplemental post-sentence motion that his sentence at No. 948-15 was illegal, that he received ineffective assistance of counsel at No. 943-15 with respect to his sentencing, and that his corruption of minors conviction at No. 943-15 should be vacated for faulty jury instructions. Id., ¶¶3, 5; Motion, 11/26/18, ¶¶5-8. The trial court entered an order appointing new counsel for Appellant, and a hearing was held on Appellant's motion on November 20, 2018 at which Appellant and his trial counsel, Michael Bonner, Esquire, testified.

On December 17, 2018, the trial court issued an opinion and order denying Appellant's post-sentence motions. An identical copy of the order and opinion, listing the docket number for each case, was filed on each docket.

On January 15, 2019, Appellant filed a single notice of appeal listing the docket numbers for both cases.[5]

Before we reach the merits of the appeal, we must address the issue of whether this appeal must be quashed pursuant to Rule of Appellate Procedure 341(a) and Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018), because Appellant filed a single notice of appeal listing both the No. 943-15 and No. 948-15 docket numbers. On February 4, 2019, this Court issued a rule directing Appellant to show cause why his appeal should not be quashed in light of Walker. Appellant filed a response, and, on February 13, 2019, this Court entered an order discharging the rule, but stating that the merits panel may revisit the issue of whether Appellant's notice of appeal ran afoul of Walker.

Rule 341(a) provides in relevant part in that "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). In 2013, the Official Note of Rule 341 was amended to provide the following clarification regarding compliance with Rule 341(a):

> Where . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed. Commonwealth v. C.M.K., 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

---

[5] Appellant filed his court-ordered concise statement of errors complained of on appeal on February 4, 2019, and the trial court entered an order on March 11, 2019 pursuant to Pa.R.A.P. 1925(a), in which it stated that it was relying on the rationale set forth in its December 17, 2018 opinion.

Pa.R.A.P. 341, Official Note.

In Walker, the Commonwealth filed a single notice of appeal from an order that granted four motions to suppress filed by four separate defendants at four docket numbers. 185 A.3d at 971-72. The Court noted that the Pennsylvania appellate courts had historically declined to quash a single notice of appeal filed to challenge multiple appealable orders, but concluded that the 2013 amendment to the Official Note of Rule 341 establishes "a bright-line mandatory instruction to practitioners to file separate notices of appeal." Id. at 974-77. Thus, the Court held that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed." Id. at 977. The Court stated that the failure to comply with this rule requires the quashal of an appeal, but that this rule would only apply prospectively from the date that decision was issued. Id. at 977.

In the present matter, the trial court's December 17, 2018 order denying Appellant's post-sentence motions listed both No. 943-15 and No. 948-15 docket numbers, and Appellant filed a single notice of appeal listing the two numbers. The notice of appeal was filed on January 15, 2019, after the date that the Walker decision was issued, and therefore the rule set forth in that case is applicable here. In his response to the rule to show cause, Appellant conceded that he inadvertently listed the docket numbers of both cases, but he argued that Walker does not require the invalidation of his appeal because his sole appellate claim relates to his guilty plea at No. 948-

15 and he is not raising any issues related to case No. 943-15 in this appeal. Response to Rule to Show Cause, 2/11/19, ¶¶4, 6.

We agree with Appellant that Walker is not implicated in this case. Walker held that in an appeal from an order resolving issues on "more than one lower court docket," the appellant must file "separate notices of appeal." 185 A.3d at 977. However, we find no support in Walker for a rule that would require an appellant to file separate notices of appeal for multiple matters resolved in a single trial court order when the appellant only seeks to appeal the court's determination in one of the matters. Rather, this Court has consistently found Walker applicable when an appellant files a single notice of appeal raising issues as to multiple lower court matters resolved in one lower court order. See Commonwealth v. Johnson, ___ A.3d ___, 2020 PA Super 164, *8 (filed July 9, 2020) (en banc) ("[W]here a single defendant challenges his sentence relating to 'more than one docket,' Walker requires that defendant to file separate notices of appeal." (citation omitted)); Commonwealth v. Larkin, ___ A.3d ___, 2020 PA Super 163, *4 (filed July 9, 2020) (en banc) (same); Commonwealth v. Nichols, 208 A.3d 1087, 1089 (Pa. Super. 2019) (undertaking a Walker analysis where the appellant "filed a single notice of appeal with issues that relate to three different lower court docket numbers"). In this case, because Appellant has only raised an issue in this appeal as to No. 948-15, Walker did not require him to also file a "separate notice[] of appeal" as to his conviction at No. 943-15, a case he had no interest in appealing. 185 A.3d at 977.

Furthermore, we need not quash this appeal based on the fact that Appellant listed the docket numbers for both No. 948-15 and No. 948-13 on his notice of appeal when he only intended to appeal No. 948-15. This Court has recently clarified that Walker does not require the quashal of an appeal simply by virtue of an appellant's inclusion of two or more docket numbers on a notice of appeal. Johnson, 2020 PA Super 164, *12. Accordingly, as the instant notice of appeal does not run afoul of Rule 341 and Walker, we will turn to the merits of this appeal.

Appellant presents the following issue on appeal: "Did the trial court abuse its discretion when it failed to allow Appellant to withdraw his no contest plea due to ineffective assistance of counsel?" Appellant's Brief at 3.

"At the outset, we note that in terms of its effect upon a case, a plea of nolo contendere is treated the same as a guilty plea." Commonwealth v. Jabbie, 200 A.3d 500, 505 (Pa. Super. 2018) (citation and quotation marks omitted); see also Commonwealth v. Norton, 201 A.3d 112, 114 n.1 (Pa. 2019). "It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." Jabbie, 200 A.3d at 505 (citation omitted). "Although no absolute right to withdraw a guilty plea exists in Pennsylvania, the standard applied differs depending on whether the defendant seeks to withdraw the plea before or after sentencing." Commonwealth v. Hart, 174 A.3d 660, 664 (Pa. Super. 2017). After the sentence has been imposed, the standard for withdrawal "is a stringent one, requiring the defendant to establish manifest injustice."

- 7 -

Norton, 201 A.3d at 119 n.6 (citation omitted). "[P]ost-sentence motions for withdrawal are subject to higher scrutiny since the courts strive to discourage the entry of guilty pleas as sentence-testing devices." Hart, 174 A.3d at 664 (citation omitted).

A defendant will meet the manifest injustice standard necessary for the post-sentence withdrawal of a plea if he demonstrates that his plea was not entered into knowingly, voluntarily and intelligently. Jabbie, 200 A.3d at 505. "Pennsylvania law presumes a defendant who entered a guilty [or nolo contendere] plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." Id. (citation omitted). A defendant is bound by his statements at a plea hearing and may not later recant those statements or assert grounds for withdrawing the plea that contradict statements made during the hearing. Id. at 506.

During the plea colloquy, the trial court must address six topics with the defendant to ascertain that he is aware of the consequences of the plea: (1) the factual basis of the plea, (2) the nature of the charges to which he is pleading guilty, (3) the right to a jury trial, (4) the presumption of innocence, (5) the sentencing ranges for the charges, and (6) that the court is not bound by the terms of the plea agreement unless it accepts the agreement. Pa.R.Crim.P. 590, Comment; Commonwealth v. Kpou, 153 A.3d 1020, 1023 (Pa. Super. 2016). A written plea colloquy that is signed by the defendant and made part of the record may substitute for oral colloquy so long as it is

supplemented by some on-the-record colloquy. Commonwealth v. Morrison, 878 A.2d 102, 108-09 (Pa. Super. 2005) (en banc).

Appellant contends that the trial court abused its discretion in denying his motion to withdraw his plea for two reasons. First, Appellant avers that the written plea colloquy form was "fatally defective resulting in a plea that was not voluntarily and knowingly entered." Appellant's Brief at 11. Appellant identifies four defective questions in the plea:

> 19. Do you understand that if the Court does not accept the plea recommendation made you do not have the right to withdraw your plea?
>
> 29. Have any promises been made to you to enter a plea of no contest?
>
> 30. Do you understand that this plea of no contest is based upon a non-binding recommendation and is not a promise nor binding agreement, and if it is not accepted by the Court you cannot withdraw your plea as indicated above?
>
> 39. Are you satisfied with the representation of your attorney?

No Contest Plea Colloquy Form, 9/17/18, at unnumbered pages 3-4. Questions 19 and 30 were crossed out, and Appellant wrote his initials next to the questions rather than filling in a response. Id. Appellant answered yes to question 29 and no to question 39. Id. at unnumbered page 4. Appellant contends that the trial court did not resolve these alleged defects as to these four questions at the oral colloquy.

We disagree with Appellant's assessment of the written plea colloquy form. This Court has explained there exists a "continuum" of negotiated plea agreements from open pleas on one end of the continuum in which the

prosecution makes no promise regarding the sentence it will recommend to negotiated plea agreements on the other end of the continuum in which the prosecution agrees to a specific sentence.  Commonwealth v. Root, 179 A.3d 511, 516 (Pa. Super. 2018).  In these latter types of plea agreements, the parties and sentencing court are bound by the imposed sentence so long as the agreed-upon sentence may be legally imposed.  Id. at 517.  While the court retains the authority to impose a more severe sentence, in such an instance the defendant is afforded the right to withdraw from the plea after the imposition of the harsher sentence and elect to go to trial.  Id. at 518.

By crossing out of questions 19 and 30 from the written colloquy form, it is clear that the plea was viewed as this type of binding negotiated plea. The removal of these questions from the form thus signifies that Appellant would not have been bound by the terms of the plea agreement if the trial court imposed a harsher sentence than specified in the agreement, and he then would have been able to withdraw his plea after sentencing.  Thus, rather than having entered into a "defective" plea, Appellant negotiated a plea agreement that afforded him more rights than defendants who enter into open pleas and other types of plea agreements where the prosecution only agrees to recommend a sentence.[6]

_____

[6] As the trial court imposed the agreed upon sentence, Appellant received the benefit of his bargain and he was not permitted to withdraw his plea as of right after sentencing.  Cf. Root, 179 A.3d at 518-19 (holding that, where the trial court imposed a more severe sentence than the plea agreement dictated,

Regarding Appellant's negative response to question 39 asking whether he was satisfied with Attorney Bonner's representation, the trial court addressed this issue during oral colloquy. The trial court asked Appellant whether he had an opportunity to discuss the plea with Attorney Bonner, whether he asked Attorney Bonner all the questions he felt necessary for the entry of the plea, and whether he was "satisfied with [Attorney Bonner's] services as it relates to the entry of a plea." N.T., 9/17/18, at 9-10. Appellant answered in the affirmative to each question. Similarly, although Appellant answered "yes" to question 29 asking whether he had been promised anything in exchange for his plea, he gave a negative response when asked this same question during the oral colloquy. Id. at 7. The trial court thus resolved the ambiguity regarding Appellant's answers to questions 29 and 39. Accordingly, we find no deficiencies in the written plea colloquy form that rendered Appellant's nolo contendere plea involuntary, unknowing, or unintelligent.

Appellant also argues that his nolo contendere plea was not voluntarily and knowingly entered because Attorney Bonner provided ineffective assistance of counsel. Generally, claims of ineffective assistance of counsel are not cognizable on direct appeal and must be deferred until collateral review. Commonwealth v. Hopkins, 228 A.3d 577, 584 (Pa. Super. 2020). Three exceptions have been recognized to the general rule that ineffective assistance claims may not be brought in a direct appeal: (1) "where a discrete

_____

trial counsel was ineffective for not filing a post-sentence motion to enforce the plea agreement or withdraw the plea).

claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice"; (2) where the defendant shows good cause and expressly waives his entitlement to review under the Post Conviction Relief Act ("PCRA")[7] review; and (3) where the defendant is statutorily ineligible for PCRA review. Commonwealth v. Delgros, 183 A.3d 352, 360-61 (Pa. 2018). Here, none of these exceptions apply as Appellant has not shown that his ineffective assistance claim is apparent from the face of the record and the interests of justice require its immediate consideration, he did not show good cause or waive his entitlement to PCRA review, and he has not demonstrated that he is ineligible for PCRA relief. Nevertheless, as the Commonwealth did not object to Appellant raising the ineffective assistance claim and has not argued that the trial court's consideration of this claim was improper, we conclude that the ineffective assistance claim is properly before us on appeal.

"The right to the constitutionally effective assistance of counsel extends to counsel's role in guiding his client with regard to the consequences of entering into a guilty plea." Commonwealth v. Barndt, 74 A.3d 185, 192 (Pa. Super. 2013). We begin our analysis with the presumption that counsel has rendered effective assistance. Commonwealth v. VanDivner, 178 A.3d 108, 114 (Pa. 2018). To overcome that presumption, the convicted defendant must establish each of the following three elements:

_____

[7] 42 Pa.C.S. §§ 9541-9546.

- 12 -

(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the [defendant] suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different.

Id.

With respect to claims of ineffective counsel in connection with a guilty plea, we have explained that

[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

Barndt, 74 A.3d at 192 (citations and quotation marks omitted).

Appellant cites to various instances of Attorney Bonner's alleged deficient performance at his May 2018 trial, including that Attorney Bonner did not call certain of Appellant's family members as witnesses, that he did not present DNA evidence, and that he did not sufficiently investigate Appellant's claims of innocence. Appellant also contends that Attorney Bonner urged him during his first trial to accept a plea offer, stating "I have two daughters. So just plead f--king guilty." N.T., 11/20/18, at 17. On the date of his September 17, 2018 retrial, Appellant told Attorney Bonner that he was

unhappy with his performance and wanted a new trial; according to Appellant, Attorney Bonner then informed him that "the only way you're going to get another attorney is to take the plea and you [will then] have ten days to withdraw the plea, and then you can have another attorney and another judge." Id. at 19. Appellant asserts that he accepted the nolo contendere plea pursuant to this advice.

The sole issue before this Court is whether Attorney Bonner's "ineffectiveness caused [Appellant] to enter an involuntary or unknowing plea." Barndt, 74 A.3d at 192 (citation omitted). Therefore, Appellant's complaints regarding Attorney Bonner's strategic decisions at his first trial are irrelevant to this appeal. Moreover, Appellant has not shown that Attorney Bonner's strategy lacked a reasonable basis and he can hardly claim prejudice relating to his earlier trial as the jury deadlocked and refused to convict him of any of the charges in case No. 948-15.

To the extent Appellant contends that Attorney Bonner's statement during the first trial that he should "just plead f--king guilty," N.T., 11/20/18, at 17, improperly coerced him into accepting a plea on the eve of his retrial, Attorney Bonner disputed this account during his testimony at the hearing on the post-sentence motion. Attorney Bonner stated that when the Commonwealth played a recording of a telephone conversation between Appellant and the minor victim during the first trial, Attorney Bonner sensed from the jurors' faces that they did not react well to the call and his defense of Appellant was "crumbl[ing] away." Id. at 67-68. During a recess just after

- 14 -

the recording was played, Attorney Bonner told Appellant "I am the father of two daughters, I understand what they're listening to and what they're hearing is not going over well, take the f--king plea because you risk spending the rest of your life in jail." Id. at 68. Attorney Bonner explained that, when he was giving this advice, he was not expressing any disgust towards Appellant but that the jurors had reacted with disgust after hearing the call and he believed it was very unlikely that the jury would acquit Appellant of all the charges. Id.

In its opinion, the trial court found Attorney Bonner's testimony credible that he did not threaten Appellant to enter into a plea, but rather he was only explaining the impact that the recording of the call had on the jury. Trial Court Opinion, 12/17/18, at 12-13. The trial court further found relevant that Appellant did not state during his oral colloquy that he felt threatened by Attorney Bonner nor did he express any dissatisfaction with Attorney Bonner during oral colloquy. Id. at 13; see also N.T., 9/17/18, at 7, 9-10. The record supports the trial court's credibility determination, and we discern no abuse of discretion in the trial court's conclusion that Appellant was not improperly coerced into entering the plea by Attorney Bonner's comment during the first trial.

Finally, with respect to Appellant's claim that Attorney Bonner told him that he could get new counsel for his retrial only by first accepting a plea and then filing a motion to withdraw the plea within ten days, Attorney Bonner denied in his testimony ever giving this advice to Appellant. N.T., 9/17/18, at

49, 66-67. While Appellant had previously communicated his desire for different counsel,[8] Attorney Bonner stated that Appellant did not express that he wanted new counsel on the date he accepted the nolo contendere plea. Id. at 46-48. Attorney Bonner testified that, on the date that jury selection was set to begin on the second trial, he was able to negotiate down the term of imprisonment and Megan's Law reporting period from the initial offer and strongly encouraged Appellant to accept the revised plea deal. Id. at 42-43, 48, 63-65. Attorney Bonner explained that part of his reason for encouraging Appellant to enter the plea related to the decision of one of Appellant's children to testify for the prosecution at the upcoming trial, testimony which Appellant understood to be detrimental to his defense. Id. at 63. Attorney Bonner further testified that Appellant was "astute," "well read," and "speaks intelligently," and Appellant would not have been shy to let him know if he did not understand the terms of the proposed plea agreement. Id. at 66. Ultimately, it was Appellant's decision to accept the plea. Id. at 69.

The trial court reviewed this testimony, and found that Appellant had not met the manifest injustice standard by showing that his plea was not entered into knowingly, voluntarily and intelligently. Trial Court Opinion, 12/17/18, at 11. As the trial court observed, Appellant affirmatively represented during his oral colloquy that he discussed the plea with Attorney Bonner to his satisfaction, understood the consequences of the plea, and

_____

[8] Attorney Bonner was Appellant's fourth attorney in these matters.

stated that he had not been promised anything in exchange for the plea. I d. at 11-12; see also N.T., 9/17/18, at 6-10. Appellant is bound by his statements during the plea colloquy, and he may not recant these statements in an effort to withdraw his plea. Jabbie, 200 A.3d at 506. Furthermore, our review of the colloquy form and the oral colloquy form reveals that the trial court addressed each of the six prescribed topics to ascertain that Appellant was aware of the consequences of his plea, including the rights that he was waiving by entering the plea. N.T., 9/17/18, at 6-10; No Contest Plea Colloquy Form, 9/17/18, at unnumbered pages 1-4; see also Pa.R.Crim.P. 590, Comment; Kpou, 153 A.3d at 1023. Therefore, Appellant's appeal merits no relief.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/3/2020