J-A29040-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| RAFAEL ANTONIO GARY | : | |
| Appellant | : | No. 1203 WDA 2021 |

Appeal from the Judgment of Sentence Entered August 1, 2018,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s): CP-02-CR-0016250-1995.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| RAFAEL ANTONIO GARY | : | |
| Appellant | : | No. 1205 WDA 2021 |

Appeal from the Judgment of Sentence Entered August 1, 2021,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s): CP-02-CR-0003768-1996.

BEFORE: BENDER, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED: January 24, 2023**

Rafael Antonio Gary appeals from the judgment of sentence entered against him following his convictions for murder of the first degree, aggravated assault, and other crimes he committed when he was 17. Gary had originally received a mandatory sentence of life imprisonment for the murder and a consecutive term of 10 to 20 years' imprisonment for the

aggravated assault. In a proceeding under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546, the PCRA court resentenced him to 35 years to life for the murder and a consecutive 10-to-20-year term for the aggravated assault. He challenges both sentences. We affirm.

Gary was 17 years and 8 months old on August 22, 1995, when he and another person shot two women in their apartment. One woman died, and the other had to have her arm amputated. Following trial, the jury convicted Gary of murder of the first degree, aggravated assault, possession of a prohibited offensive weapon, criminal attempt, and criminal conspiracy. On October 7, 1996, the trial court sentenced Gary to life imprisonment for the murder, ten to twenty years of imprisonment for the aggravated assault, and no further penalty for the remaining offenses.

Gary timely appealed, this Court affirmed, and the Supreme Court of Pennsylvania denied review. Eventually, on Gary's fifth petition for post-conviction collateral relief, the Commonwealth agreed that Gary was entitled to resentencing under **Miller v. Alabama**, 567 U.S. 460 (2012) (holding that mandatory life imprisonment without parole for juvenile homicide offenders violates the Eighth Amendment).

The PCRA court granted Gary's motions for resentencing and for a mitigation specialist. On August 1, 2018, the court imposed a new sentence of 35 years to life in prison for murder and a consecutive term of 10 to 20 years' imprisonment for the aggravated assault.

Gary filed a prior appeal from the resentencing, listing both docket numbers on a single notice of appeal. This Court quashed based on ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018). ***Commonwealth v. Gary***, 2019 WL 5212428, at *2 (Pa. Super. Oct. 16, 2019) (non-precedential memorandum) (citing ***Commonwealth v. Nichols***, 208 A.3d 1087, 1090 (Pa. Super. 2019)). After a separate PCRA proceeding, Gary's appellate rights were reinstated, and he filed separate notices of appeal from both judgments of sentence.[1] We consolidated the appeals.

## Case 1203 WDA 2021 (Murder)

In his murder case, Gary frames his issue as follows: "Whether Appellant's sentence is an unconstitutional, *de facto* life sentence and/or an excessive sentence?" Gary's Brief, 1203 WDA 2021, at 6.[2]

We first address Gary's claim that his sentence of 35 years to life imprisonment is an unconstitutional *de facto* life sentence. He argues that the PCRA court erred by failing to articulate on the record its consideration of the factors in ***Miller*** and ***Commonwealth v. Batts***, 163 A.3d 410 (Pa. 2017). Gary's Brief, 1203 WDA 2021, at 15–17 (citing ***Commonwealth v. Machicote***, 206 A.3d 1110 (Pa. 2019)). Our Supreme Court had initially held that a sentencing court must consider the ***Miller***/***Batts*** factors on the record

---

[1] Gary also filed *pro se* notices of appeal from the denial of his post-sentence motions, which this Court dismissed as duplicative.

[2] Prior counsel had also raised an issue about the constitutionality of the minimum sentence term, which present counsel has elected not to argue. Gary's Brief, 1203 WDA 2021, at 11.

for any juvenile exposed to a potential sentence of life without parole, even if the juvenile is not ultimately sentenced to life without parole. *Machiote*, 206 A.3d at 1120.

However, two years later, *Machiote* was abrogated by *Jones v. Mississippi*, 141 S. Ct. 1307 (2021). There, the United States Supreme Court held that the Eighth Amendment does not require a finding of permanent incorrigibility to sentence a juvenile homicide offender to life without parole as long as the sentencing court has discretion not to impose such a sentence. *Jones*, 141 S. Ct. at 1319–20. Following *Jones*, the Pennsylvania Supreme Court recognized that its holdings in *Batts* and *Machiote* were no longer a proper exercise of its authority. *Commonwealth v. Felder*, 269 A.3d 1232, 1243–44, 1243 n.13 (Pa. 2022). It held:

> It logically and necessarily follows that if a discretionary sentencing scheme is constitutionally sufficient to permit the imposition of a life-without-parole sentence on a juvenile homicide offender, so too can a court impose a sentence that is something less than life without parole. This includes a term-of-years sentence that may amount to a *de facto* life sentence. Stated differently, as long as the sentence was the product of a discretionary sentencing system that included consideration of the juvenile's youth, the Eighth Amendment is satisfied.

*Id.* at 1245–46.

Here, there is no dispute that the PCRA court had discretion to sentence Gary to a lesser term than life without parole. Thus, there is no constitutional defect in his sentence of 35 years to life imprisonment. Even if Gary ultimately received a *de facto* life sentence, the court's failure to articulate the *Miller*/*Batts* factors on the record does not entitle him to resentencing.

- 4 -

We next address whether Gary's sentence is excessive. Preliminarily, we address whether Gary adequately presented his excessiveness claim for our review. "A challenge to an alleged excessive sentence is a challenge to the discretionary aspects of a sentence." *Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa. Super. 2008) (citing *Commonwealth v. Pennington*, 751 A.2d 212, 215 (Pa. Super. 2000)).

> Challenges to the discretionary aspects of sentence are not appealable as of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b), or sentencing norms. *Id.* An appellant must satisfy all four requirements. *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013).

*Commonwealth v. Miller*, 275 A.3d 530, 534 (Pa. Super. 2022). Rule 2119(f), the third requirement for invoking our jurisdiction, provides:

> An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence.

Pa.R.A.P. 2119(f).

A defendant's Rule 2119(f) statement must specify "(1) where his or her sentence falls in the Sentencing Guidelines, (2) what provision of the Sentencing Code has been violated, (3) what fundamental norm the sentence violated, and (4) the manner in which it violated the norm." **Commonwealth v. Moye**, 266 A.3d 666, 676 (Pa. Super. 2021) (citing **Commonwealth v. Naranjo**, 53 A.3d 66, 72 (Pa. Super. 2012)). A Rule 2119(f) statement that "simply lists [the] sentencing issues" is deficient, and we may deny review of a defendant's claim based on this deficiency. **Commonwealth v. Sauers**, 159 A.3d 1, 16 (Pa. Super. 2017).

Here, Gary's Rule 2119(f) statement provides in full:

> Mr. Gary raises one substantial question in challenging the validity of the sentence as it relates to the homicide conviction. Mr. Gary raises another substantial question in challenging the validity of his sentence as it relates to the consolidated trial and sentencing matter now docketed for appeal at 1205 WDA 2021. The question alleges that the trial court entered a *de facto* LWOP sentence which was excessive and/or illegal.

Gary's Brief, 1203 WDA 2021, at 10.

The Commonwealth argues that this statement is insufficient. Commonwealth's Brief at 19–21. We agree. Gary's bald assertion that his sentence "was excessive and/or illegal" fails to articulate how his sentence violates the Sentencing Code or fundamental norms of sentencing. Therefore, we cannot review of Gary's excessiveness challenge. **Sauers**, **supra**.

## Case 1205 WDA 2021 (Aggravated Assault)

In his aggravated assault case, Gary presents one issue: "Did the trial court err by failing to consider the sentencing guidelines?" Gary's Brief, 1205 WDA 2021, at 6. This is a challenge to the discretionary aspects of his sentence. *Commonwealth v. Archer*, 722 A.2d 203, 210–11 (Pa. Super. 1998) (*en banc*).

As in the murder case, the Commonwealth challenges the adequacy of Gary's Rule 2119(f) statement. Commonwealth's Brief at 34–35. Here, Gary's Rule 2119(f) statement provides:

> Mr. Gary raises one substantial question[] in challenging the validity of his sentence as it relates to the Aggravated Assault conviction. Mr. Gary raises other substantial questions in challenging the validity of his sentence as it relates to the consolidated trial and sentencing matter now docketed for appeal at 1203 WDA 2021. The question alleges that the trial court did not consider the relevant sentencing guidelines at the time of sentencing. *Commonwealth v. Walls*, 926 A.2d 957[, 964] (Pa. 2007), quoting *Commonwealth v. Sessoms*, 532 A.2d 775[, 781] (Pa. 1987) ("'The guidelines must only be "considered" and, to ensure that such consideration is more than mere fluff, the court must explain its reasons for departure from them.'").

Gary's Brief, 1205 WDA 2021, at 10.

Gary's statement alleges a violation of the sentencing court's obligation to consider the guidelines. *Moye*, *supra*. However, it fails to allege where Gary's sentence falls within the guidelines, and Gary does not provide what the guidelines were for his aggravated assault conviction. He explains that in reviewing the record, he was not able to locate a copy of the guidelines. Gary's Brief, 1205 WDA 2021, at 13. While we are sympathetic to Gary's plight in

reviewing the record of his cases, we conclude that his failure to allege the proper sentencing guideline precludes analysis of where his statutory maximum sentence for aggravated assault falls relative to the guidelines. We thus deny review. **Sauers**, **supra**.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/24/2023